**FIRST** _____ JUDICIAL DISTRICT COURT

STATE OF NEW MEXICO

COUNTY OF __ **SANTA FE** _____.


__**DAVALOUS JAMON BROWN**_____,      )
Plaintiff,                               )
                                         )
                                         )
                                         )
                 v.                      )      CIVIL NO # $D101CV2017\,02265$
                                         )      **DAVID K. THOMSON**
                                         )
                                         )      COMPLAINT
__**LAS CRUCES POLICE DEPARTMENT**__, City of;  )   (TORT)
Defendant(s),
__**DONA ANA COUNTY SHERIFF DEPARTMENT**;__

__**DONA ANA COUNTY DETENTION CENTER**__ ;
                    **et al;**

### I.     NATURE OF THE ACTION

1.     This is a tort suit authorized by the New Mexico Tort Claims Act, Chapter 41 N.M.S.A,

   by a corrections department prisoner who seeks damages for the following:

   (a)   For Emotional and permanent Serious Bodily injuries from the use of unreasonable Ex-
         cessive and attempted Deadly force And for the false Arrest and false imprisonment.
         Resulting with the deliberate indifference and inadequate medical care and treat-
         ment within the Detention Center Attributed by All of the Defendants while Acting
         within their Scope of duties within the City of Las Cruces and County of Dona Ana

### II.     JURISDICTION

2.     ____**FIRST**____ District Court has jurisdiction in Tort actions pursuant to the New

   Mexico Tort Claims Act N.M.S.A. Chapter 41.  a Notice of Claim was previously filed

   with the Risk Management Division pursuant to 41-4-16, N.M.S.A. (1978).


### III.     PARTIES

3.     The plaintiff is __**DAVALOUS JAMON BROWN**____, a prisoner at the __**NEW MEXICO**__.
   __**CORRECTIONS DEPARTMENT**__.


**Exhibit A**

4. Defendants are Chase Duvanell and holds the title of deputy sheriff for the Dona Ana County Sheriff Department;

Defendants are Brad Lunsford and holds the title of police officer for the Las Cruces Police Department;

Defendants are Enrique "Kiki" Vigil and hold the office of Sheriff for the Dona Ana County Sheriff Department; by

Defendants are Jaime Montoya and hold the office of Chief of police for the Las Cruces Police Department;

Defendants are Kenneth Daniel Gallegos Miyagishima an ind hold the office of mayor for the city of Las Cruces;

Defendants are Chris Barela and hold the office of jail administrator for the Dona Ana County Detention Center;

5.

## IV. FACTS

_____This is a tort claim against a governmental entity and a Public Employee for which immunity has been waived pursuant to section 41-4-4,and 41-4-12 NMSA 1978, whose acts or omissions gave rise to the suit or claim.

The plaintiff; Davalous Jamon Brown; was a pretrial detainee inmate falsely imprisoned at the Dona Ana County Detention Center as a result of the Dona Ana County Sheriff's Department Deputy Sheriff officer and the Las Cruces Police Department Officer whom both officers breach their duties to protect and serve and committed a legal wrong upon the plaintiff by the direct invasion of the plaintiff's legal rights to be free unreasonable searches and seizures, rights to life,liberty,and property, rights to due process and equal protection of law and rights to be free of cruel and usual punishment pursuant to Tennessee vs Garner, 471 US 1 (1985)... whereby violating the plaintiff's 4th,5th,8th and 14th amendments to the United States Constitution and article 2 section 10,article 2 section 13, article 2 section 14 and article 2 Section 18 of the New Mexico Constitution through the law enforcement officers act or failure to act with providing the plaintiff with his fundamental and constitutional rights guaranteed and secured by the state and federal Constitutions where the law enforcement officer for the Dona Ana County Sheriff's department and for the city of Las Cruces maliciously and intentionally exercise unreasonable,willful, wanton and reckless dangerous police misconduct through the use of willful,unreasonable,unlawful,and improper use of excessive and deadly force while attempting to stop the plaintiff from fleeing from arrest on a misdemeanor charge, in which violent actions known to the perpetrating actors and intentionally utilized by the law enforcement officers to create a substantial risk of causing death or serious bodily injury harm to the plaintiff through the unreasonable and unnecessary force and by the unlawful discharge of the law enforcement officer's deadly weapons under the totality of the circumstances, attributed to the plaintiff's permanent and protracted serious bodily injuries suffered by the gunshot wound along with the law enforcement officers and a K-9 officer unlawful assault and battery and excessive use of forceful police brutality unnecessarily and unreasonably upon the plaintiff, in which led to the immediate trauma Medical Emergency Care hospitalization for the serious physical impairment that has resulted with serious and permanent disfigurement and protracted loss, nerve damage

and physical impairment of the function of the plaintiff's body parts or organs... in addition to the plaintiff's psychological and emotional injuries and distress along with the pain and suffering in which unlawful arrest and unlawful use of excessive force resulted with the plaintiff being subjected to the illegal detainment and false imprisonment in the Dona Ana County Detention Center in which on the 15th day of October, 2015 the plaintiff was acquitted and exonerated of culpability for the charge of the assault on any of the officers as a result of the self-defense fact and theory analysis within this excessive use of force case, however the plaintiff still endures undue physical, psychological and emotional harm due to the law enforcement officers intentional and improper police misconduct, wherefore the plaintiff seeks actual, compensatory and punitive damage for his unlawful loss and injuries suffered at the hands of the Dona Ana County Sheriff Department and the city of Las Cruces Police Department public and state employees and as a result of while in the Dona Ana County Detention Center facility acts, inactions or omissions by the public and county employees... in which the plaintiff was unlawfully detained and falsely imprisoned within...in violation of his procedural and substantive due process rights and rights to equal protection of law and without proper and adequate medical care or treatment afforded by the facility.

On or about the 12th day of July 2014... the plaintiff was entrapped by the Dona Ana County Sheriff Department Deputy officer Defendant #1; Chase Duvanell; while acting within the scope of his duties so as for the officer to be able to effect a misdemeanor arrest for a battery against a household member against the plaintiff for a domestic dispute that allegedly occurred between the plaintiff and his girlfriend Xavia Gutierrez on or about the evening of the 11th day of July 2014, where on the 12th of July 2014... Ms. Gutierrez file an emergency restraining order without the knowledge of the plaintiff in which a copy of the restraining order was provided to

Defendant #1;

Sheriff Deputy Duvanell.

On the same morning in question...

Sheriff Deputy Duvanell instructed the plaintiff girlfriend Xavia to lure the plaintiff to her place of residence... using her as bait in order to effectuate the officers ploy to utilize his unlawful devised plan and technique of entrapment... in which plan was concocted by Sheriff Deputy Duvanell with Ms. Gutierrez...in which actions resulted with the plaintiff receiving prolonged, protracted and permanent serious bodily injuries as a result of Sheriff Deputy Duvanell use of unlawful excessive and attempted deadly force.

The plaintiff contends that unbeknownst of the plot...he was lured to the house by texted communications from Xavia that morning while Sheriff Deputy Duvanell was staked out, within a short vicinity of the house and the Deputy had advised and instructed Xavia that upon the plaintiff's arrival... Sheriff Deputy Duvanell would assume that she has been injured by the plaintiff and then would make entry upon the residence if he had not heard from her after a period of ten minutes to confront the plaintiff... where upon the plaintiff arrival to Xavia house... Xavia duped the plaintiff into believing that she wanted him to take a shower to clean up the plaintiff's leg injuries from a physical confrontation and incident that had occurred the night before where Xavia had ran the defendant's left leg over with her vehicle and had assured the plaintiff that she was going to take him to the hospital for his received injuries immediately thereafter the completion of the plaintiff's shower...where while the plaintiff was in the shower...

Xavia called the plaintiff's mother and advised her that she had already called the police and was setting the plaintiff up to go to Jail.

Upon getting out of the shower... the plaintiff notice an unknown male subject individual standing there on the outside of the shower with a Taser pointing directly at the plaintiff... which later afterwards was discovered to be Sheriff Deputy Duvanell after the fact... where the plaintiff in shock and in fear for his life and his welfare... reacted through the use of self defense and disarmed the deputy officer, secured the taser, ran out of the house completely naked out of fear and immediately discarded himself of the taser by throwing it afar into the neighboring yard! The plaintiff asserts that while fleeing for his life running visually unarmed and completely butt-naked ... the plaintiff heard a loud gunshot ring out behind him where Sheriff Deputy Duvanell began unlawfully, maliciously and sadistically discharging his deadly weapon at the plaintiff's mass section backside in the attempts to use unreasonable and unconstitutional use of excessive and deadly force for a minor misdemeanor arrest in which actions, inactions or omissions were not executed by the deputy out of good faith...where Sheriff Deputy Duvanell egregious police misconduct not only "shocks the conscious" in violation of the plaintiff due process rights as guaranteed in the 14th amendment the United States Constitution and article 2 section 18 of the New Mexico Constitution, where furthermore the killing or attempted killing of the fleeing plaintiff by Sheriff Deputy Duvanell... constitute as a "seizure" for the purpose of the 4th Amendment of the United States Constitution and therefore is unconstitutional due to the fact that Sheriff Deputy Duvanell's egregious actions were unreasonable and unlawful where the officer having witnessed the plaintiff discarding the less lethal taser weapon upon following the plaintiff out of the house...had no probable cause to believe that the plaintiff posed a significant "threat to death" or "serious physical injury to the officer or others"...thus the force applied maliciously and sadistically against the plaintiff by Sheriff Deputy Duvanell was for the very purpose of causing harm to the plaintiff rather than in a good-faith effort to maintain and restore discipline... where although the deputy was attempting to use unlawful and unreasonable deadly force the force was unjustified because... first, the severity of the crime that the officer believed that the plaintiff had committed or to be committing was for a misdemeanor battery against a household member arrest, where the difference between felonies and known felons arrest and misdemeanor arrest is relatively large under the  "common law rule"... second, the plaintiff did not present an immediate threat to the safety of the officer or the public and third, the plaintiff was not actively resisting arrest but was instead defending himself through self defense as was proven at trial in which rendered an adjudication for an acquittal for the alleged charges of assault against the officer(s)... and the plaintiff was not attempting to escape however was fleeing from an unknown dangerous situation with an encounter with an unknown male suspect individual pursuant to Tennessee vs. Garner, Graham vs Connor, and Johnson vs Glick (citations omitted)

Upon hearing the gunshot and now knowing that the plaintiff's life and welfare was now     in jeopardy by Sheriff Deputy Duvanell... the plaintiff ran and hid under a nearby Mobile home located on the next street behind Xavia's mobile home...where by that time additional police officer backup had arrived onto the scene whom being Defendant #2; Brad Lunsford; a commissioned officer while acting within the scope of his duties with the Las Cruces Police Department...where at that point Sheriff Deputy Duvanell screamed and yelled out to Police Officer Brad Lunsford..."shoot him, shoot him, shoot that black mother f******"...where than the

plaintiff heard three more loud gunshot ring out behind him... where now Police Officer Brad Lunsford was maliciously and sadistically discharging his deadly weapon unlawfully at the plaintiff's mass section backside as a result to Defendant #1; Sheriff Deputy Duvanell's commands, directive and direct orders to shoot and kill the plaintiff... in the attempts to use unreasonable and unconstitutional use of excessive or deadly force for a minor misdemeanor arrest

Upon Sheriff Chase Duvanell directives to Police Officer Brad Lunsford to shoot and kill the plaintiff... the three gunshots that rang out from behind the plaintiff while the plaintiff was running away from the dangerous encounter initiated by the two assaulting law enforcement officer... resulted with the first two projectiles missing the plaintiff,however, the third projectile which was later determined to have been discharged by Defendant #2; Brad Lunsford's; AR-15 assault rifle... struck the plaintiff in the rear lower calf of his right leg causing emotional and serious permanent bodily injury to the plaintiff, as a result of both law enforcement officers maliciously and sadistically use of unconstitutional excessive and deadly force for the attempted arrest for a misdemeanor battery against a household member in which constitute a deprivation of the plaintiff's constitutional rights pursuant to the 4th,5th,8th&14th amendments secured by the Constitution and laws of the United States and New Mexico Constitution article 2 Sections 10,13,14 and 18 under the "Objective reasonable" standard analysis and Due Process or Equal Protection Clause.

Upon suffering the gunshot wound...the plaintiff was forced to run and hide for safety... where the plaintiff retreated back inside Xavia Gutierrez's house to wrap and attend to his wound in which the plaintiff was forced to take cover for the next three hours suffering in excruciating pain and mental distress while bleeding excessively...advising the assaulting law enforcement officers that he had "been shot unjustly" and "was afraid to come out of the house... and in fear for his life and welfare"... where the law enforcement officers responded by yelling "come out so we can help you", however the plaintiff replied back by stating..."no... ya'll just tried to kill me"... where shortly thereafter the SWAT team was called and arrived onto the scene under the authoritative directions and commands of Defendant #3; Jaime Montoya...attempting to remove the plaintiff from the house, whom was the only victim of the brutal and senseless assault by the law enforcement officers of the Dona Ana County Sheriff's Department and the Law Cruces Police Department.

The SWAT team then shot out the windows of Xavia house in which the plaintiff was seeking refuge within and then threw a steam ball grenade into the window subjecting the plaintiff to undue poisonous and harmful gas chemical agents... while the plaintiff was lying down on the bathroom floor butt naked...excessively bleeding and while barely remaining conscious at that point...due to the loss blood in which was secreting from the large AR-15 gunshot wound as a result of the unlawful and excessive force utilized by both Defendant #2; Brad Lunsford and Defendant #1; Chase Duvanell in the attempts to kill the plaintiff through the unlawful use of deadly force so as to deprive the plaintiff of his life although the plaintiff while fleeing butt naked and unarmed for his life and safety..."posed no significant **threat to death** or **serious physical injury to the law enforcement officers or others" nor exhibited signs of probable cause for the law enforcement officers to believe that the plaintiff** (suspect) **poses a significant threat to death or serious physical injury to the officers or any member of the general public(** others) in violation of the plaintiff's rights to be free of unreasonable searches and

seizures,rights to be free of cruel and unusual punishment and the right to due process and equal protection of law pursuant to the plaintiff's 4th,5th,8th, and 14th amendments as guaranteed in the United States Constitution and pursuant to Articles 2 Sections 10, 13 and 18 of the New Mexico Constitution in which constitutional rights were all deprived by the perpetrating law enforcement officers/ defendant's maliciously and sadistically wanton, deliberate and willful action,inactions and omissions caused by egregious police conduct and misconduct that "shocks the conscious" where the law enforcement officers actions were not in good faith.

Shortly thereafter the deploying the chemical agents... the SWAT team breached the house and made entry with the K-9 law enforcement officer dog in which dog was released by the SWAT team K-9 handler... commanding the attack and harm towards the plaintiff.

Upon the commands and directives... the K-9 law enforcement officer dog proceeded to bite,rip,tear, and gnaw upon the plaintiff's flesh... viciously biting,gnawing and tearing the plaintiff's right chest nipple off of the plaintiff's body... treading exposed chest muscles are tissues upon the plaintiff's body and then immediately aimed the unreasonable force and unlawful attack towards the plaintiff's right hand... biting,gnawing and ripping the plaintiff's flesh,muscle and tendons within the palm of your plaintiff right hand... where out of fear and anxiety... the plaintiff reacted by utilizing self defense so as to subdue the dog...where several SWAT team law enforcement officers on the scene then began using unnecessary and unreasonable force by proceeding to punch, kick and stomp all upon the plaintiff's face,cranium,back,chest, and legs in which excessive force and police conduct and misconduct..."shocks the conscious" and is in violation of the plaintiff's state and federal constitutional rights.

After a severe beating and a brutal assault by the law enforcement officers of the Las Cruces Police Department and the Dona Ana County Sheriff Department... the SWAT team then picked up the plaintiff by his arms and drug him outside where he was then placed into an ambulance and transfer to the El Paso Medical Center trauma unit where after being at the trauma unit and receiving immediate medical attention for a few hours of medical treatment to his severe wounds... the plaintiff was then transferred from El Paso Texas back to Las Cruces New Mexico where he was then booked into the Dona Ana County Detention Center and charged with the offense of battery on a household member at the onset,however, the charge was later altered and amended while the plaintiff still remained detained in the Dona Ana County Detention Center under a new false imprisonment charge and offense including a trumped-up charge offense of a first-degree kidnapping...utilized by the Dona Ana County District Attorney's office overcharging offense method as a scare tactic... so as to scare the plaintiff into taking a plea and disposition agreement offer from the District Attorney's office...so as to prevent law enforcement officers from having to take the stand and explain why they used excessive and deadly force against the plaintiff and explain why they unlawfully discharged their weapons in a crowded public residential community and shot the plaintiff while fleeing for his life and safety... unarmed and unclothed... presenting no immediate threat to any officers or the community...in which the perpetrators officers did not have a justifiable reason to shoot the plaintiff nor did the SWAT team have adequate and reasonable cause to use the unlawful assault and battery by the law enforcement officers and the unlawful assault and battery

misusage and mishandling by the K-9 officer towards and against the plaintiff, in which seizure constitutes a fourth amendment violation pursuant to the United States Constitution and Article 2 Section 10 of the New Mexico Constitution in addition to a due process and equal protection Clause violation pursuant to both state and federal constitutions... detrimental to the plaintiff.

The plaintiff was unlawfully detained at the Dona Ana County Detention Center for approximately 1 1/2 years on the false alleged charges that were averred in the indictment, where during this period of detainment the plaintiff decided to pursue to trial before a jury on this matter... where during trial the plaintiff's defense attorney Raymond Conley utilize the self-defense justification and defense uniform jury instructions due to the use of excessive and attempted deadly force by the law enforcement officers... where during trial defense attorney ask Sheriff Deputy Chase Duvanell why he shot at the plaintiff and why he commanded Police Officer Brad Lunsford to also shoot at the plaintiff ...when the plaintiff was unarmed and running away naked...where Sheriff Deputy Duvanell response was that he was in fear of a hostage situation so as to attempt to justify his unlawful and attempted deadly actions...whereupon that response defense attorney Raymond Conley then as Sheriff Deputy Duvanell that if that was the case and that the officer was in fear of a hostage situation..."why did Sheriff Deputy Duvanell use the victim Xavier Gutierrez as a bait for the police department...so as to be able to catch the plaintiff in which was putting the victim in complete and in dangerous harm's way due to the improper police misconduct utilized...where then Sheriff Deputy Duvanell was completely speechless and at a loss for words... where no response was given demonstrating that Sheriff Deputy Duvanell improper and unreasonable actions, inactions and omissions... where not in good faith however was maliciously and sadistically designed and determined by such officer to shoot and kill the plaintiff...rather than arrest the plaintiff for a misdemeanor arrest...for a Class A misdemeanor Battery on a Household Member charged offense.

Upon jury deliberation the plaintiff was acquitted of the following charges: disarming a police officer,aggravated assault on a peace officer with intent to commit another felony, assault on a K-9 Officer due to the use of excessive and deadly force self defense theory and justification defense and was only convicted of two counts of a fourth degree non aggravated battery on a police officer and also false imprisonment where upon the acquittal decision in which occurred on October 15th, 2015 the plaintiff then now knowing and aware of his false imprisonment and false arrest in the Dona Ana County Detention Center by the unlawful and unjustified actions of the Las Cruces Police Department and the Dona Ana County Sheriff Department... then exercise his rights under the New Mexico tort claim complaint pursuant to sections 40- 4-1 through 40-4-23 Nmra and filed a timely notice of claim with the Risk Management Division in Santa Fe New Mexico on or about the 8th day of January 2016... in which gives rise to this suit.

The Las Cruces Police Department SWAT team in addition to Police Officer Brad Lunsford's unlawful authoritative directive granted for the use of force against the plaintiff was promulgated in and through rules and regulations written and/or enforced by Defendant # 3; Jaime Montoya; whom is the chief of police for the Las Cruces Police Department while acting within the scope of his duties... has the direct care and control over the Las Cruces Police Department ,staffed officers...and whom also has the fiduciary obligation and duty to protect and provide the plaintiff from the unlawful and excessive use of force by his staffed police officers along with a safe and controlled living environment in the city of Las Cruces New Mexico for the plaintiff and the entire public...where the Defendant # 3 breached his duty and was reckless in this suit by authorizing

through the use of direct and indirect commands for the use of excessive and deadly force policies and rules and regulations promulgated in place by Jaime Montoya for the police officers employed by the Las Cruces Police Department under the watch and command of chief of police...Jaime Montoya in which promulgated policies created and granted unreasonable and unnecessary permission to use violent actions by his police officer's upon the plaintiff in which knowledge by Defendant # 3 was known... and did create a substantial risk of causing death or serious bodily harm injury harm to the plaintiff through the unreasonable and unnecessary force and by the unlawful discharge of the law enforcement officer's deadly weapons under the totality of the circumstances in which promulgated policies attributed to the plaintiff's permanent and protracted serious bodily injuries suffered by the gunshot wound along with the law enforcement officers and a K-9 officer unlawful assault and battery and excessive use of forceful police brutality unnecessarily and unreasonably upon the plaintiff in which led to the immediate trauma Medical Emergency Care hospitalization for the serious physical impairment that has resulted with serious and permanent disfigurement and protracted loss, nerve damage and physical impairment of the function of the plaintiff's body parts or organs... in addition to the plaintiff's psychological and emotional injuries and distress along with the pain and suffering in which unlawful arrest and unlawful use of excessive force resulted with the plaintiff being subjected to the illegal detainment and false imprisonment in the Dona Ana County Detention Center in which under the common law ...."never permits the use of deadly force for the sole purpose of stopping the plaintiff from fleeing from arrest on a misdemeanor charge of domestic violence of a household member"...as was enforced through promulgated policies and procedures authorized by Jaime Montoya... in violation of the plaintiff's fundamental and constitutional rights to be free of unlawful searches and seizures...free of police brutality and the unlawful use of excessive and deadly force... and rights to substantive and procedural due process and equal protection of law... guaranteed by the 4th,8th and14th Amendments of the United States Constitution and Articles 2 Sections 14 ,and 18 of the New Mexico Constitution. Furthermore...The Dona Ana County Sheriff's Department unlawful authoritative directive granted for the use of force against the plaintiff was promulgated in and through rules and regulations written and/or enforced by Defendant # 4; Enrique "Kiki"Vigil; whom is the Sheriff for the Dona Ana County Sheriff's Department while acting within the scope of his duties...has the direct care and control over the Dona Ana County Sheriff's Department staffed officers...and whom also has the fiduciary obligation and duty to protect and provide the plaintiff from the unlawful and excessive use of force by his staffed Sheriff's officers along with a safe and controlled living environment in the county of Dona Ana New Mexico for the plaintiff and the entire public...where the Defendant # 4 breached his duty and was reckless in this suit by authorizing through the use of direct and indirect commands for the use of excessive and deadly force policies and rules and regulations promulgated in place by Enrique "Kiki" Vigil for the sheriff officers employed by the Dona Ana County Sheriff's Department under the watch and command of Sheriff Enrique "Kiki" Vigil...in which promulgated policies created and granted unreasonable and unnecessary permission to use violent actions by his Sheriff officer's upon the plaintiff in which knowledge by Defendant # 4 was known... and did create a substantial risk of causing death or serious bodily harm injury harm to the plaintiff through the unreasonable and unnecessary force and by the unlawful discharge of the law enforcement officer's deadly weapons under the totality of the circumstances in which promulgated policies attributed to the

plaintiff's permanent and protracted serious bodily injuries suffered by the gunshot wound along with the law enforcement officers unlawful assault and battery and excessive use of forceful police brutality unnecessarily and unreasonably upon the plaintiff in which led to the immediate trauma Medical Emergency Care hospitalization for the serious physical impairment that has resulted with serious and permanent disfigurement and protracted loss, nerve damage and physical impairment of the function of the plaintiff's body parts or organs... in addition to the plaintiff's psychological and emotional injuries and distress along with the pain and suffering in which unlawful arrest and unlawful use of excessive force resulted with the plaintiff being subjected to the illegal detainment and false imprisonment in the Dona Ana County Detention Center in which under the common law ...."never permits the use of deadly force for the sole purpose of stopping the plaintiff from fleeing from arrest on a misdemeanor charge of domestic violence of a household member"...as was enforced through promulgated policies and procedures authorized by Defendant # 4; Enrique "Kiki" Vigil... in violation of the plaintiff's fundamental and constitutional rights to be free of unlawful searches and seizures...free of police brutality and the unlawful use of excessive and deadly force... and rights to substantive and procedural due process and equal protection of law... guaranteed by the 4th,8th and14th Amendments of the United States Constitution and Articles 2 Sections 14 ,and 18 of the New Mexico Constitution.

Defendant # 5; Kenneth Daniel Gallegos Miyagishima; is the mayor for the city of Las Cruces New Mexico while acting within the scope of his duties... has the complete and direct care and control over all staffed employees for the city of Las Cruces New Mexico and must ensure as his duty of the mayor that the city fulfills its duties under the law and lawfully exercises its powers...and whom also has the fiduciary obligation and duty to protect and provide the plaintiff from the unlawful and excessive use of force by his staffed police department... along with a safe and controlled living environment within the city of Las Cruces New Mexico for the plaintiff and the entire public...where the Defendant # 5 breached his duty and was reckless in this suit by authorizing through the use of direct and indirect commands for the use of excessive and deadly force policies and rules and regulations promulgated in place by Jaime Montoya for the police officers employed by the Las Cruces Police Department under the watch and command of the mayor for the city of Las Cruces New Mexico... Kenneth Daniel Gallegos Miyagishima... in which promulgated policies created and granted unreasonable and unnecessary permission to use violent actions by his police chief of police and the police officers for the city of Las Cruces New Mexico upon the plaintiff... in which knowledge by Defendant # 5 was known... and did create a substantial risk of causing death or serious bodily harm injury harm to the plaintiff through the unreasonable and unnecessary force and by the unlawful discharge of the law enforcement officer's deadly weapons under the totality of the circumstances in which promulgated policies attributed to the plaintiff's permanent and protracted serious bodily injuries suffered by the gunshot wound along with the law enforcement officers and a K-9 officer unlawful assault and battery and excessive use of forceful police brutality unnecessarily and unreasonably upon the plaintiff in which led to the immediate trauma Medical Emergency Care hospitalization for the serious physical impairment that has resulted with serious and permanent disfigurement and protracted loss, nerve damage.

Defendant # 5 ;Kenneth Daniel Gallegos Miyagishima; is the presiding officer and the head of the city of Las Cruces New Mexico while acting within in the scope of his duties... has the

working knowledge of the laws that regulate the city government and the rules regulations and policies that are implemented by the chief of police for the city of Las Cruces Police Department excessive and use of deadly force policy... in which knowledge direct and indirect command by the mayor and personal responsibility for the direct supervision of the chief of police for the Las Cruces Police Department and all promulgated rules regulations and policies that are practiced, utilized and inflicted upon the the plaintiff...and the public within the city of Las Cruces New Mexico... was reckless and negligent in this suit by authorizing permission for the chief of police for the city of Las Cruces use of excessive and deadly force promulgated policies and procedures within the city of Las Cruces New Mexico...in which actual or constructive knowledge by Defendant # 5 ...did create a substantial risk of causing death or serious bodily harm injury to the plaintiff through the unreasonable and unnecessary force and by the unlawful discharge of the law enforcement officer's deadly weapons under the totality of the circumstances in which promulgated policies attributed to the plaintiff's permanent and protracted serious bodily injuries suffered by the gunshot wound along with the law enforcement officers and a K-9 officer unlawful assault and battery and excessive use of forceful police brutality unnecessarily and unreasonably upon the plaintiff in which resulted with the serious physical impairment along with the serious and permanent disfigurement and protracted loss and nerve damage... to and upon the plaintiff in violation of the plaintiff's fundamental and constitutional rights to be free of unlawful searches and seizures...free of police brutality and the unlawful use of excessive and deadly force... and rights to substantive and procedural due process and equal protection of law... guaranteed by the 4th,8th and14th Amendments of the United States Constitution and Articles 2 Sections 14 ,and 18 of the New Mexico Constitution. Defendant # 6;Chris Barela; is the jail administrator for the Dona Ana County Detention Center who is negligent to this suit while acting within the scope of his duties for the false imprisonment of the plaintiff within the Dona Ana County Detention Center as a result of the Dona Ana County Sheriff Department Deputy Sheriff officer and the Las Cruces Police Department Officer's false arrest in violation of the plaintiff's fundamental and constitutional rights to be free of unlawful searches and seizures... and rights to life, liberty and property and rights to substantive and procedural due process and equal protection of law…and rights to be free of cruel and usual punishment ... whereby violating the plaintiff's 4th,5th,8th and 14th amendments to the United States Constitution and article 2 section 10,article 2 section 13, article 2 section 14 and article 2 Section 18 of the New Mexico Constitution through the jail administrator's act or failure to act with providing the plaintiff with his fundamental and constitutional rights life, liberty and property through his unlawful acts or omissions by knowingly and unlawfully detaining the plaintiff within the Dona Ana County Detention Center against the plaintiff's will or consent depriving the plaintiff of life, liberty and property ...guaranteed and secured by the state and federal Constitutions...In addition to Defendant # 6;Chris Barela; deliberate indifference and inadequate Medical Care while acting within the scope of his duties as the jail administrator for the Dona Ana County Detention Facility against the plaintiff while detained within the Dona Ana County Detention Center as a result of the Dona Ana County Sheriff Department Deputy Sheriff officer and the Las Cruces Police Department Officer's false arrest contributing and resulting with Defendant # 6... breaching his duties and committing a legal wrong upon the plaintiff by the direct invasion of the plaintiff's legal rights to be free of unlawful false arrest and false imprisonment, rights to life,liberty,and property, rights to due process and equal protection of

law and rights to be free of cruel and usual punishment ... whereby violating the plaintiff's 4th,5th,8th and 14th amendments to the United States Constitution and article 2 section 10,article 2 section 13, article 2 section 14 and article 2 Section 18 of the New Mexico Constitution through the jail administrator's act or failure to act with providing the plaintiff with his fundamental and constitutional rights life, liberty and property along with adequate medical care ...guaranteed and secured by the state and federal Constitutions where the jail administrator for the Dona Ana County Detention Center and his medical staff and detention officer's... maliciously and intentionally exercise unreasonable,willful, wanton and reckless misconduct through the use of unreasonable and unlawful false detainment and imprisonment and through the use of malicious, willful, improper and deliberate denial of adequate medical care and attention for the plaintiff's serious bodily gunshot and canine dog bite injuries and open wounds complained about to the Dona Ana County Detention Center medical staff in addition to the jail administrator by the plaintiff on a daily basis in which caused the plaintiff undue pain and suffering due to the denial by the Dona Ana County Detention Center jail administrator and the medical staff to provide the plaintiff with adequate and necessary medical care and attention ordered to be cleaned with wound changes on daily basis in addition to occupational physical therapy orders directed to the medical staff and the jail administrator on behalf of the plaintiff by the university medical trauma center presiding physician examination immediately prior to the unlawful false arrest and false imprisonment within the Dona Ana County Detention Center...however defendant # 6; Chris Barela; along with his Dona Ana County Detention Center medical staff maliciously and willfully deny the plaintiff of his continuous medical request and doctors orders for urgent and immediate medical care and doctor's orders for occupational physical therapy and instead intentionally disregarded the plaintiff's serious bodily injuries contrary in accordance with the emergency and adequate medical and physical therapy care protocols stipulated under the Dona Ana County Detention Center Medical Health Care guidelines substantiating deliberate indifference and inadequate medical care proffered to the plaintiff in violation of the plaintiff's fundamental and constitutional rights guaranteed pursuant to the United States and New Mexico Constitution.

The plaintiff asserts that as a result and through the unlawful use of excessive and deadly force and as a result of the false arrest and imprisonment attributed by the Defendants Chase Duvanell; Brad Lunsford; Enrique "Kiki" Vigil; Jaime Montoya and Kenneth Daniel Gallegos... while all Defendant were acting within the scope of their duties...intentionally, maliciously wrongfully and negligently caused the plaintiff emotional and serious bodily injuries along with undue pain and suffering as the results of the Defendants acts, inactions or omissions and failures to protect the plaintiff from the use of excessive and deadly force failure to protect the plaintiff from harm's way while acting within the scope of their duties... breaching their duties.. where further the plaintiff was unlawfully... wrongfully ,willfully and falsely detained and imprisoned within the Dona Ana County Detention Center and was wrongfully and willfully subjected with deliberate indifference ...denied access to adequate Medical and occupational physical therapy care attributed by the Dona Ana County Jail administrator ;Chris Barela; while acting within the scope of his duties ...in which negligence on the part of all the defendant mention here within while acting within the scope of the duties as public, city and county employees for the City of Las Cruces,New Mexico and for the County of Dona Ana, New Mexico... violated the plaintiff's rights,privileges or immunities secured by the Constitution and

the laws of the United States or laws of the State of New Mexico whose negligence gave rise to
this suit.

## V.    PRAYER

WHEREFORE it is demanded the Court issue judgment against the defendant(s) as follows:

The plaintiff, Davalous Brown, seeks damages for emotional and protracted, permanent serious bodily injuries from the unlawful assault and use of excessive and attempted deadly force in addition to the medical neglect and medical indifference... inadequate medical care and lack of occupational physical therapy attributed and caused by all the defendants mentioned herein while acting within the scope of their duties and prays that this Honorable Court enter a judgment in favor of the plaintiff in the amount not to exceed the sum of $400,000.00 for actual damages pursuant to Section 41-4-19 (A)(3) NMSA 1978 and for any additional amount to be decided by the Court for exemplary and punitive damages as permitted under the New Mexico Tort Claim Act

Respectfully Submitted,

X _7/11/17_                           X _____
Date                                        Signature

[THIS NEXT SECTION MUST BE COMPLETED BEFORE A NOTARY PUBLIC]

I, the Affiant, first being duly sworn have read the foregoing pleading and declare that the information contained therein is true and correct to the best of my knowledge.

/s/ _____

STATE OF NEW MEXICO

COUNTY OF _Dona Ana_

OFFICIAL SEAL
William Adkins
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12-18-19

SUBSCRIBED AND SWORN to before me this _11th_ day of _July_, 20 _17_.

_William Adkins_
NOTARY PUBLIC

OFFICIAL SEAL
William Adkins
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12-18-18

My Commission Expires: _12-18-19_

ISSUED

# SUMMONS

First JUDICIAL DISTRICT COURT
Santa fe COUNTY, NEW MEXICO

Court Address: 225 Montezuma Avenue
Santa Fe, New Mexico 87501
Court Telephone: N/A

CASE NO.: D101CV 2017 02265

JUDGE: DAVID K. THOMSON

**Plaintiff(s):**

Davalous Brown

v.

**Defendant(s):** Las Cruces Police Department;
Dona Ana County Sheriff Dept;
Dona Ana County Detention Center;

**DEFENDANT:**

Name: Chris Barela, Administrator

Address: 1850 Copper Loop

Las Cruces NM 88005

## TO THE ABOVE NAMED DEFENDANT

### TAKE NOTICE THAT:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing & pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657 or 505-797-6066.

Dated at          New Mexico, this   9   day of   August          , 20 17   .

CLERK OF THE COURT

STEPHEN T. PACHECO

By: _____
Deputy

x _Davalous J. Brown_
Signature of Attorney for Plaintiff or Plaintiff, Pro Se

x Print Name: Davalous Brown # 80748

Mailing Address: SNMCF/Main P.O. Box 639

City/State/Zip: Las Cruces, New Mexico 88004

Telephone#: N/A

Fax #: N/A

Email Address: N/A

This Summons is issued Pursuant to Rule 1-004 of the New Mexico Rules of Civil Procedure for District Courts. (Effective 7-1-)



FILED
FIRST JUDICIAL
DISTRICT COURT

2017 AUG -9 AM 9: 51

ISSUED

# SUMMONS

| First JUDICIAL DISTRICT COURT<br>Santa fe COUNTY, NEW MEXICO<br><br>Court Address: 225 Montezuma Avenue<br>Santa fe, New Mexico 87501<br>Court Telephone: N/A | CASE NO.: D101 CV 2017-02265<br><br>JUDGE: DAVID K. THOMSON |
|---|---|
| Plaintiff(s):<br><br>Davalous Brown<br><br>v.<br><br>Defendant(s): Las Cruces Police Department<br>Dona Ana County Sheriff Dept.<br>Dona Ana County Detention Center | DEFENDANT:<br>Name: Chase Duvanell, Deputy Sheriff<br>Address: 845 N. Motel Blvd.<br>Las Cruces, NM 88009 |

## TO THE ABOVE NAMED DEFENDANT

### TAKE NOTICE THAT:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing & pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657 or 505-797-6066.

Dated at _____ New Mexico, this 9 day of August , 2017 .

| CLERK OF THE COURT<br><br>STEPHEN T. PACHECO<br><br>By: _____<br>Deputy | x Davalous J. Brown<br>Signature of Attorney for Plaintiff or Plaintiff, Pro Se<br><br>Print Name: Davalous Brown # 80748<br>Mailing Address: SNMCF/Main P.O. Box 639<br>City/State/Zip: Las Cruces, New Mexico 88004<br>Telephone#: N/A<br>Fax #: N/A<br>Email Address: N/A |
|---|---|

This Summons is issued Pursuant to Rule 1-004 of the New Mexico Rules of Civil Procedure for District Courts. (Effective 1-7-13)

ISSUED

# SUMMONS

| First JUDICIAL DISTRICT COURT Santa fe COUNTY, NEW MEXICO | CASE NO.: ~~CV~~ D101CV201702265 |
|---|---|
| Court Address: 225 Montezuma Avenue Santa Fe, New Mexico 87501 Court Telephone: N/A | JUDGE: DAVID K. THOMSON |

| Plaintiff(s): Davalous Brown v. Defendant(s): Las Cruces Police Department Dona Ana County Sheriff Dept Dona Ana County Detention Center | DEFENDANT: Name: Kenneth Daniel Gallegos Miyagishima Address: 700 North Main Street Las Cruces, NM 88001 |
|---|---|

## TO THE ABOVE NAMED DEFENDANT

### TAKE NOTICE THAT:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing & pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657 or 505-797-6066.

Dated at ___ New Mexico, this __9__ day of __August__ , 20_17_ .

|  |  |
|---|---|
| CLERK OF THE COURT STEPHEN T. PACHECO  By: _____ Deputy | x _Davalous J. Brown_ Signature of Attorney for Plaintiff or Plaintiff, Pro Se  X Print Name: _Davalous Brown_ #80798 Mailing Address: _SNMCF/MAIN P.O. Box 639_ City/State/Zip: _Las Cruces, New Mexico 88004_ Telephone#: _N/A_ Fax #: _N/A_ Email Address: _N/A_ |

This Summons is issued pursuant to Rule 1-004 of the New Mexico Rules of Civil Procedure for District Courts. (Effective __1/1/12__)

# SUMMONS

ISSUED

| First JUDICIAL DISTRICT COURT Santa fe COUNTY, NEW MEXICO | | |
|---|---|---|
| Court Address: 225 Montezuma Avenue Santa Fe, New Mexico 87501 | CASE NO.: | D101CV2017-02265 |
| Court Telephone: N/A | JUDGE: | DAVID K. THOMSON |
| Plaintiff(s): Davalous Brown v. | DEFENDANT: Name: Jaime Montoya; Chief | |
| Defendant(s): Las Cruces Police Department Dona Ana County Sheriff Dept. Dona Ana County Detention Center. | Address: 217 E. Picacho Avenue Las Cruces, NM 88001 | |

## TO THE ABOVE NAMED DEFENDANT
### TAKE NOTICE THAT:

1.  A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2.  You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3.  You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing & pay a jury fee.
6.  If you need an interpreter, you must ask for one in writing.
7.  You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657 or 505-797-6066.

Dated at _____ New Mexico, this 9 day of August , 20 17 .

x _Davalous J. Brown_
Signature of Attorney for Plaintiff or Plaintiff, Pro Se

| CLERK OF THE COURT STEPHEN T. PACHECO | x Print Name: Davalous Brown # 80748 |
|---|---|
| | Mailing Address: SNMCF/Main P.O. Box 639 |
| By: _____ | City/State/Zip: Las Cruces, New Mexico 88004 |
| Deputy | Telephone#: N/A |
| | Fax #: N/A |
| | Email Address: N/A |

This Summons is issued pursuant to Rule 1-004 of the New Mexico Rules of Civil Procedure for District Courts. (Effective 1-7-13)



FILED
FIRST JUDICIAL
DISTRICT COURT

2017 AUG -9 AM 9: 52

ISSUED

# SUMMONS

| First JUDICIAL DISTRICT COURT Santa Fe COUNTY, NEW MEXICO Court Address: 225 Montezuma Avenue Santa Fe, New Mexico 87501 Court Telephone: N/a | CASE NO.: D0ICV2017-02265 JUDGE: DAVID K. THOMSON |
|---|---|
| Plaintiff(s): Davalous Brown v. Defendant(s): Las Cruces Police Department Dona Ana County Sheriff Dept; Dona Ana County Detention Center; | DEFENDANT: Name: Brad Lunsford, Officer Address: 217 E. Picacho Avenue Las Cruces, NM 88001 |

## TO THE ABOVE NAMED DEFENDANT
### TAKE NOTICE THAT:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing & pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657 or 505-797-6066.

Dated at _____ New Mexico, this **9** day of **August** , 20**17** .

X _Davalous Q. Brown_
Signature of Attorney for Plaintiff or Plaintiff, Pro Se

CLERK OF THE COURT
STEPHEN T. PACHECO

By: _____
Deputy

X Print Name: Davalous Brown # 80748
Mailing Address: SNMCF/Main P.O. Box 639
City/State/Zip: Las Cruces, New Mexico 88004
Telephone#: N/a
Fax #: N/a
Email Address: N/a

This Summons is Issued Pursuant to Rule 1-004 NMRA, Rules of Civil
Procedure for District Courts. (Effective 1-7-13)



# SUMMONS

ISSUED

| **First** JUDICIAL DISTRICT COURT **Santa fe** COUNTY, NEW MEXICO | |
|---|---|
| Court Address: 225 Montezuma Avenue Santa Fe, New Mexico 87501 Court Telephone: N/a | CASE NO.: D101CV2017- 02265 JUDGE: DAVID K. THOMSON |
| Plaintiff(s): Davalous Brown v. Defendant(s): LAS CRUCES POLICE DEPARTMENT DONA ANA COUNTY SHERIFF DEPT. DONA ANA COUNTY DETENTION CENTER | DEFENDANT: Name: Enrique "Kiki" Vigil Address: 845 N. Motel Blvd, Las Cruces NM 88007 |

## TO THE ABOVE NAMED DEFENDANT

### TAKE NOTICE THAT:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing & pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657 or 505-797-6066.

Dated at _____ New Mexico, this **9** day of **August**, 20 **17**.

| CLERK OF THE COURT STEPHEN T. PACHECO By: _____ Deputy | X _Davalous J. Brown_ Signature of Attorney for Plaintiff or Plaintiff, Pro Se X Print Name: Davalous Brown # 80798 Mailing Address: SNMCF/MAIN P.O. Box 639 City/State/Zip: Las Cruces, New Mexico 88004 Telephone#: N/a Fax #: N/a Email Address: N/a |
|---|---|

This Summons is issued Pursuant to Rule 1-004 of the New Mexico Rules of Civil Procedure for District Courts. (Effective 1-7-13)



FILED
FIRST JUDICIAL
DISTRICT COURT

2017 AUG -9 AM 8:48

West's New Mexico Statutes Annotated
   State Court Rules
      Civil Forms
         Article 2. Commencement of Action

NMRA, Form 4-222

### FORM 4-222. APPLICATION FOR FREE PROCESS AND AFFIDAVIT OF INDIGENCY

Currentness

[For use with Supreme Court General Rule 23-114 NMRA]

**STATE OF NEW MEXICO**

**COUNTY OF**  **SANTA FE**

**FIRST JUDICIAL DISTRICT** COURT

**DAVALOUS JAMON BROWN** , Petitioner,

v.                            No. **D101CV 2017- 02265**

**LAS CRUCES POLICE DEPARTMENT,** Respondent.
**DONA ANA COUNTY SHERIFF DEPARTMENT,**
**DONA ANA COUNTY DETENTION CENTER,**
          et al,
### APPLICATION FOR FREE PROCESS
### AND AFFIDAVIT OF INDIGENCY

I request that the court enter an order permitting me to file this case without prepayment of fees and costs and give upon my oath or affirmation the following statement.

My marital status is: Single **√** Married ___ Divorced ___ Separated ___ Widowed ..............................

I request interpretation services: ___ yes **√** no (If yes, please describe what you need) ..............................

.............................................................. N/A ..............................................................

.............................................................. ..............................................................

**INFORMATION ABOUT MY FINANCES (check all that apply to you and fill in the blanks):**

**A. PUBLIC ASSISTANCE**

_✓_ I do not receive public assistance (If you check this blank, go directly to Section B EMPLOYMENT/UNEMPLOYMENT).

_N/A_ I currently receive the following public assistance in _____ County (please check all applicable public assistance programs):

     _N/A_ Temporary Assistance for Needy Families (TANF)

     _N/A_ Food Stamps

     _N/A_ Medicaid (for myself)

     _N/A_ General Assistance (GA)

     _N/A_ Supplemental Security Income (SSI)

     _N/A_ Public Housing

     _N/A_ Disability Security Income (DSI)

     _N/A_ Department of Health Case Management Services (DHMS)

     _N/A_ Other (please describe )...........................................................................................................

## B. EMPLOYMENT/UNEMPLOYMENT

_N/A_ I am currently unemployed and have been unemployed for ___ months in the past year. I am unemployed because ...........................................................................................................................................

_N/A_ I receive unemployment benefits in the amount of $ _____ per month.

_N/A_ I have no income because I am unemployed.

_✓_ I am employed. I am paid $ _30¢_ per hour and work _20_ hours per week.

My employer's name, address and phone number is:

SOUTHERN NEW MEXICO CORRECTIONAL FACILITY

INMATE SERVICES / JOB COORDINATOR

P.O. Box 20005, Las Cruces, New Mexico  88004

**N/A** I am married, and my spouse is unemployed and has been unemployed for ___ months in the past year because ...........................................................................................................................................................

    **N/A** My spouse receives unemployment benefits in the amount of $ _-_ per month.

**N/A** I am married, and my spouse is employed. My spouse is paid $ __-__ per hour and works _-___ hours per week.

My spouse's employer's name, address and phone number is:

.......................................................................................................................................................................

.......................................................................................................................................................................

.......................................................................................................................................................................

## C. OTHER SOURCES OF INCOME (*Check all that apply*)

    **N/A** I have income from another source not mentioned above.

        **N/A** Child Support $ __-_____

        **N/A** Alimony $ ___-_____

N/A   Investments $ _____

N/A   Community property from my spouse      $ ...................... 0

N/A   Other  NONE              $ ...................... 0

✓   I do not have any other sources of income.

N/A  I am married, and my spouse has income from another source not mentioned above.

      N/A   Child Support               $ ...................... 0

      N/A   Alimony                 $ ...................... 0

      N/A   Investments              $ ...................... 0

      N/A   Other  ........NONE       $ 0

      N/A   Other  ........NONE       $ 0

N/A  I am married, and my spouse does not have any other sources of income.

N/A      Another adult contributes to household income in the
             following amount:               $ ...................... 0

**D. OTHER ASSETS (Please list other assets owned by you or your spouse that can be turned into cash.
Do not include money you have in retirement accounts):**

Cash on hand                  $ _____ 0

Bank accounts               $ _____ 0

Income tax refund        $ _____0_____

Other assets (describe below):

_____NONE_____        $ _____0_____

_____NONE_____        $ _____0_____

**IF YOU DO NOT HAVE ACCESS TO YOUR OWN OR YOUR SPOUSE'S INCOME OR ASSETS, EXPLAIN WHY.**

.......... I'm am currently incarcerated as a prisoner within the New Mexico ..........

.......... Corrections Department! ..........

..........

**E. MONTHLY EXPENSES**

House Payment/Rent        $ _____0_____

Utilities        $ _____0_____

Telephone        $ _____0_____

Groceries (after food stamps)        $ _____0_____

Car Payment(s)        $ _____0_____

Gasoline        $ _____0_____

Insurance        $ _____0_____

Child Care        $ _____0_____

Student and Consumer Loans        $ _____0_____

Court-ordered family support obligations        $ _____0_____

Other court-ordered payments                    $ __0__

Medical expenses                                $ __0__

Other ___NONE_____                        $ __0__

## F. HOUSEHOLD

I live at __SNMCF__, and the head of the household is __Warden__.

Other than myself, the other members of the household are:

| Name | Age | Employment | I Support |
|------|-----|------------|-----------|
| ............................ | N/A | ............................ | ( ) |
| ............................ |     | ............................ | ( ) |
| ............................ |     | ............................ | ( ) |

*This statement is made under oath. I hereby state that the above information regarding my financial condition is correct to the best of my knowledge. I hereby authorize the Court to obtain information from financial institutions, employers, relatives, the federal internal revenue service and other state agencies. If at any time the Court discovers that information in this application for free process was false, misleading, inaccurate, or incomplete at the time the application was submitted, the Court may require me to pay for any costs or fees that were waived under an order of free process that was granted based on the information in this application.*

__DAVALOUS JAMON BROWN__

**(Signature)**
x _____

**(Print Name)**
✓ Petitioner ___ Respondent
**(Pro Se)**

**(Street Address)**
__LAS CRUCES, NEW MEXICO  88004__

**(City, State, Zip Code)**
__- NO TELEPHONE -__

(Telephone)

State of ..... NEW MEXICO ..................................................... )

)      ss

County of ..... DONA ANA ..................................................... )

OFFICIAL SEAL
**William Adkins**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: *12-18-19*

Signed and sworn to (or affirmed) before me on __11th__  (date) by _July 30_ *Davalows Brown* *(name of applicant)*.

.........................................................................

Notary *William Adkins*
My commission expires: *12-18-19*
My commission expires: .....................................

## IF YOU ARE REPRESENTED BY AN ATTORNEY, YOUR ATTORNEY MUST SIGN THE FOLLOWING CERTIFICATE.

I   , ...................... N/A ...................... hereby certify that I have not

*(Name of attorney)*

received any attorney fee to represent ..................... N/A .....................

*(Name of applicant)*

If any attorney fee is paid to me, I understand that I shall pay to the court clerk from such attorney fee any court fees and costs that may be waived by the court.

..................... N/A .....................

.........................................................................
*(Attorney signature)*    N/A

.........................................................................
*Address*    N/A

.........................................................................
*City, State, Zip Code*    N/A

*Telephone/Fax Number*

**Credits**
[Adopted effective Feb. 25, 2008. Amended effective Nov. 17, 2008; Feb. 9, 2011.]

NMRA, Form 4-222, NM R CIV Form 4-222
State court rules are current with amendments received through December 1, 2013. Local federal district and bankruptcy court rules are current with amendments received through December 1, 2013.

**End of Document** © 2014 Thomson Reuters. No claim to original U.S. Government Works.



FILED
FIRST JUDICIAL
DISTRICT COURT

2017 AUG 30 PM 12: 00

STATE OF NEW MEXICO
COUNTY OF _Santa Fe_
FIRST JUDICIAL DISTRICT COURT

Case No.: D- 101 -DM- 2017-02265

_Davalous Brown_

**Petitioner/Plaintiff,**

vs. Las Cruces Police Department
Dona Ana County Sheriffs Department
Dona Ana County Detention Center

**Respondent/Defendant,**

### **This form must be filled out.**

## INTERPRETER FORM

1. Do you need an interpreter? [ ] Yes [✓] No

2. An interpreter is requested for: [ ] Petitioner/Plaintiff [ ] Respondent/Defendant
   [ ] Witness in matter

   **(This party request is for the entire case.)**

3. The type of interpreter needed: [ ] Spanish [ ] American Sign Language
   [ ] _____ speaker
   _(language)_

Dated: _Aug 16, 2017_

_Davalous J. Brown_
_(Name)_

_Davalous J. Brown_
[✓] Petitioner/Plaintiff Pro Se
[ ] Respondent/Defendant Pro Se
_P.O. Box 639_
_(Street Address)_
_Las Cruces N.M. 88004_
_(City, State and Zip Code)_
_N/A_
_(Telephone Number — Indicate If None)_

---

A copy of this Request was:
[✓] mailed to the address set forth below
[ ] hand delivered to the address set forth below

On _Aug 9, 2017_ to:
_Date_

[✓] Petitioner/Plaintiff pro se
[ ] Respondent/Defendant pro se
[ ] Intervenor

_P.O. Box 639_
_(Street Address)_
_Las Cruces N.M. 88004_
_(City, State and Zip Code)_

---

FILED
FIRST JUDICIAL
DISTRICT COURT

2017 AUG -9 AM 8: 49

West's New Mexico Statutes Annotated
State Court Rules
Civil Forms
Article 2. Commencement of Action

NMRA, Form 4-223

FORM 4-223. ORDER FOR FREE PROCESS

Currentness

[For use with Supreme Court General Rule 23-114 NMRA]

**STATE OF NEW MEXICO**

COUNTY OF ___SANTA FE_____

**FIRST JUDICIAL DISTRICT** COURT

___DAVALOUS JAMON BROWN___ , Petitioner,

v.

No. __D101CV 2017-02265__

___LAS CRUCES POLICE DEPARTMENT__, Respondent.
___DONA ANA COUNTY SHERIFF DEPARTMENT;__
___DONA ANA COUNTY DETENTION CENTER;__
et al.
**ORDER ON APPLICATION FOR FREE PROCESS**

**THIS MATTER** having come before the court on Petitioner's application for free process and affidavit of indigency, or upon Petitioner's attorney's certificate supporting indigency and free process pursuant to Rule 23-114(B)(2) NMRA, and the court being otherwise advised in the premises, **FINDS** that:

[W] the applicant is entitled to free process in accordance with Rule 23-114(B)(2) NMRA.

[W] the applicant receives public assistance and is, therefore, entitled to free process.

[W] the applicant's annual gross income does not exceed ___185%___ of the federal poverty guidelines, and the applicant is, therefore, entitled to free process.

[W] the applicant's annual gross income exceeds _____ of the federal poverty guidelines, but the applicant is not reasonably able to pay fees or costs and is, therefore, entitled to free process.

[W] on the basis of the applicant's available funds or annual gross income, the applicant is not entitled to free process.

**THE COURT ORDERS** that:

[W] the filing fee is waived.

[W] the filing fee is waived except for the $ ___ alternative dispute resolution (ADR) fee.

[W] the applicant is granted free service of process by the Sheriff in Dona Ana County, New Mexico for 1 2 3 4 5 or ___ summons(es), provided that the applicant first attempts service by certified mail pursuant to Rule 1-004 NMRA.

[W] the applicant is granted free service by the Sheriff in _____ County, New Mexico, of a temporary restraining order or _____.

[W] the applicant is to pay the filing fee on _____, 20 ___.

[W] interpretation services shall be provided to the applicant.

[W] free process is denied.

[W] Other:

..................................................................................................................................................

..................................................................................................................................................

..................................................................................................................................................

**Unless specifically granted above, this order of free process does not include** the following costs: jury fees, certification fees, subpoena fees for witnesses, witness fees for hearings or trials, mailings, long distance charges, transcripts for appeals or record proper, duplication fees for audiotapes or compact discs, copy charges, publication fees, or facsimile services. Application for all other costs are to be made to the judge assigned to your case. If the applicant prevails in this law suit and collects money by judgment or settlement, the court may order reimbursement for any waived costs. If the applicant is represented by an attorney who is paid an attorney fee, any fees or costs waived by this order must be deducted from any such attorney fee and paid to the court clerk. *This order is subject to revision, modification or recission by the judge assigned to your case.*

..................................................................................................................................................

**JUDGE**

**Credits**
[Adopted effective Feb. 25, 2008. Amended effective Nov. 17, 2008; Feb. 9, 2011.]

NMRA, Form 4-223, NM R CIV Form 4-223
State court rules are current with amendments received through December 1, 2013. Local federal district and bankruptcy court rules are current with amendments received through December 1, 2013.

**End of Document** © 2014 Thomson Reuters. No claim to original U.S. Government Works.