# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVALOUS JAMON BROWN,

     Plaintiff,

vs.                            No. CIV 17-0944 JB/JHR

CITY OF LAS CRUCES POLICE
DEPARTMENT, CITY OF, DOÑA ANA
COUNTY SHERIFF DEPARTMENT;
DOÑA ANA COUNTY DETENTION
CENTER; CHASE DUVANELL; BRAD
LUNSFORD; ENRIQUE KIKI VIGIL;
JAIME MONTOYA; KENNETH DANIEL
GALLEGOS MIYAGISHIMA and CHRIS
BARELA,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Defendant Chase Thouvenell's

Motion to Dismiss Plaintiff's Complaint (Doc. 1-1), filed September 21, 2017 (Doc. 3)

("Thouvenell's First Motion to Dismiss")[1]; (ii) the Amended Defendant Chase Thouvenell's

Motion to Dismiss Plaintiff's Complaint (Doc. 1-1), filed October 3, 2017 (Doc. 5)

("Thouvenell's Amended Motion To Dismiss"); (iii) the Defendant Sheriff Enrique "Kiki" Vigil

and the Dona Ana County Sheriff's Department's Motion To Dismiss Plaintiff's Complaint

(Doc. 1-1), filed October 3, 2017 (Doc. 6)("County's Motion to Dismiss"); (iv) the Plaintiff's

---

[1]In the Complaint (Tort), filed August 9, 2017 in First Judicial District Court, County of Santa Fe, State of New Mexico, filed in federal court September 14, 2017 (Doc. 1-1) ("Complaint"), Plaintiff Davalous Jamon Brown names "Chase Duvanell" as a Defendant. Complaint ¶ 4, at 2. As will be discussed, the correct spelling for this Defendant's name is "Thouvenell." <u>See</u> infra at 5-6. The Court will direct the Clerk of the Court to correct the caption to reflect the proper spelling of Thouvenell's last name, and the Court hereinafter will refer to Duvanell as Thouvenell.

Response and Motion to Oppose Defendant's Motion to Dismiss and for Enlargement and Extension of Time to File All Response and Other Pleadings and for Permission to Give Leave to Amend and Supplement Pleadings And Motion to Stay the Proceedings and Hold in Abeyance for Plaintiff to Acquire Appointment of Counsel, filed January 2, 2018 (Doc. 13)("Brown's Surreply and Motion to Amend and Stay"); and (v) the Defendants' Joint Motion to Strike Plaintiff's Response and Motion to Oppose the Defendant's Motion to Dismiss Et Seq (Doc. 13), filed January 24, 2018 (Doc. 15)("Defendants' Joint Motion to Strike"). Plaintiff Davalous Jamon Brown is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons explained below, the Court will deny Thouvenell's First Motion to Dismiss as moot, grant in part and deny in part Thouvenell's Amended Motion to Dismiss, the requests in the Plaintiff's Surreply and Motion to Amend and Stay, and deny the Defendants' Joint Motion to Strike.

## FACTUAL BACKGROUND

According to the Complaint, Defendant Chase Thouvenell "entrapped" Brown on July 12, 2014 by "using [his girlfriend] as bait in order to effectuate" an unlawful seizure and arrest. Complaint (Tort) ¶ 5, at 3, filed August 9, 2017 in First Judicial District Court, County of Santa Fe, State of New Mexico, filed in federal court September 14, 2017 (Doc. 1-1)("Complaint"). Brown's girlfriend "duped [Brown] into believing that she wanted him to take a shower to clean up [his] leg injuries from a physical altercation" the prior night. See Complaint ¶ 5, at 3. While Brown was in the shower, Thouvenell entered the bathroom and pointed a Taser directly at him. Brown was "in shock and in fear for his life and his welfare," so he "reacted through the use of self defense and disarmed the deputy officer, secured the taser, [and] ran out of the house completely naked," discarding the taser in the neighboring yard. See Complaint ¶ 5, at 4. As

Brown fled, Thouvenell pursued him, firing gunshots.  <u>See</u> Complaint ¶ 5, at 4.

Brown "ran and hid under a nearby Mobile home," while police "backup . . . arrived onto the scene."  Complaint ¶ 5, at 4.  One of the backup officers was Defendant Brad Lunsford.  <u>See</u> Complaint ¶ 5, at 4.  Thouvenell "screamed and yelled out to Police Officer Brad Lunsford . . . 'shoot him, shoot him, shoot that black mother f*****.'"  Complaint ¶ 5, at 4.  Lunsford shot at Brown three times, and "the third projectile . . . struck [Brown] in the rear lower calf of his right leg, causing emotional and serious permanent bodily injury."  Complaint ¶ 5, at 5.  "Upon suffering the gunshot wound," Brown "was forced to run and hide for safety," so he "retreated back inside" his girlfriend's house.  Complaint ¶ 5, at 5.  Brown remained in the house for the next three hours, tending to his gunshot wound, and "advising the assaulting law enforcement officers that he had 'been shot unjustly' and 'was afraid to come out of the house . . . and in fear for his life and welfare.'"  Complaint ¶ 5, at 5.

"[S]hortly thereafter, the SWAT team was called and arrived onto the scene under the authoritative direction and commands of" Defendant Jaime Montoya.  Complaint ¶ 5, at 5.  "The SWAT team then shot out the windows" of the house "in which [Brown] was seeking refuge . . . and then threw a steam ball grenade into the window subjecting [Brown] to undue poisonous and harmful gas chemical agents."  Complaint ¶ 5, at 5.  Shortly after "deploying the chemical agents . . . the SWAT team breached the house and made entry with the K-9 law enforcement officer dog in which dog was released by the SWAT team K-9 handler."  Complaint ¶ 5, at 6.  The "law enforcement officer dog proceeded to bite, rip, tear, and gnaw upon the plaintiff's flesh," injuring his chest and right hand. Brown "reacted by utilizing self defense so as to subdue the dog."  Complaint ¶ 5, at 6.  At that point, "several SWAT team law enforcement officers" arrived, and they proceeded "to punch, kick, and stomp all upon [Brown's] face, cranium, back, chest, and

legs." Complaint ¶ 5, at 5. "After a severe beating and brutal assault," the "SWAT team then picked up [Brown] by his arms and drug him outside where he was then placed into an ambulance and transfer[red] to the El Paso Medical Center trauma unit." Complaint ¶ 5, at 6. After a few hours of medical treatment, Brown was transferred from El Paso back to Las Cruces, where he was booked into the Defendant Doña Ana County Detention Center. See Complaint ¶ 5, at 6.

Brown was in pretrial detention at the Doña Ana County Detention Center for approximately one and a half years. See Complaint ¶ 5, at 7. During his pretrial detention, Brown alleges that he was deprived of adequate medical care for his "serious bodily gunshot and canine dog bite injuries and open wounds." Complaint ¶ 5, at 11. Specifically, Brown alleges that Defendants Doña Ana County Detention Center and Chris Barela ignored his "continuous medical request and doctor[']s orders for urgent and immediate medical care and doctor's order for occupational physical therapy." Complaint ¶ 5, at 11.

On October 15, 2015, Brown was acquitted of the following charges: "disarming a police officer, aggravated assault on a peace officer with intent to commit another felony, [and] assault on a K-9 Officer." Complaint ¶ 5, at 7. Brown was convicted, however, of "two counts of a fourth degree non aggravated battery on a police officer." Complaint ¶ 5, at 7.

## PROCEDURAL BACKGROUND

Brown brought the Complaint in state court against the following Defendants: (i) the City of Las Cruces Police Department; (ii) Doña Ana County Sheriff Department; (iii) Doña Ana County Detention Center; (iv) Chase Duvanell, a deputy sheriff for the Doña Ana County Sheriff Department; (v) Brad Lunsford, a police officer for the Las Cruces Police Department; (vi) Enrique "Kiki" Vigil, a sheriff for the Doña Ana County Sheriff Department; (vii) Jaime

Montoya, chief of police of the Las Cruces Police Department; (viii) Kenneth Daniel Gallegos Miyagishima, mayor of the City of Las Cruces; and (ix) Barela, jail administrator for the Doña Ana County Detention Center.  See Complaint ¶ 4, at 1-2.

Based on the foregoing facts, the Complaint appears to raise the following claims against the Defendants under the Constitution of the United States of America, the Constitution of New Mexico, and the New Mexico Tort Claims Act ("NMTCA"), N.M. Stat. Ann. § 41-4-1 to -30: (i) false arrest and false imprisonment; (ii) malicious prosecution (iii) excessive force; and (iv) failure to provide adequate and necessary medical care.  See Complaint ¶ 1, at 1.  The Complaint seeks compensatory damages in the amount of $400,000.00, and "exemplary and punitive damages."  Complaint at 13.

On September 21, 2017, Thouvenell filed Thouvenell's First Motion to Dismiss, which Thouvenell's Amended Motion to Dismiss superseded on October 3, 2017.  Therefore, the Court will deny Thouvenell's First Motion to Dismiss as moot.

In Thouvenell's Amended Motion to Dismiss, Thouvenell explains that the Complaint "erroneously spells Defendant Thouvenell's last name as Duvanell," because "the 2014 incident which is the subject of Plaintiff's complaint involved Thouvenell and since no individual named Duvanell has ever worked for the Dona Ana County Sheriff's Department."  Thouvenell's Amended Motion To Dismiss at 1 n.2.  Brown does not dispute that Thouvenell's name is misspelled as Duvanell in the Complaint.  See generally Plaintiff Response to Motion to Dismiss, filed December 4, 2017 (Doc. 10)("Brown's Response"); Plaintiff's Response and Motion to Oppose Defendant's Motion to dismiss and for Enlargement and Extension of Time to File all Response and Other Pleadings and for Permission to give Leave to Amend and Supplement Pleadings and Motion to Stay the Proceedings and Hold in Abeyance for Plaintiff to Acquire

Appointment of Counsel, filed January 2, 2018 (Doc. 13). The Court therefore will direct the Clerk of the Court to correct the caption to reflect the proper spelling of Thouvenell's last name.

Thouvenell seeks to dismiss the Complaint pursuant to rules 10 and 12(b)(6) of the Federal Rules of Civil Procedure. <u>See</u> Thouvenell's Amended Motion to Dismiss at 1. Specifically, Thouvenell contends that the Complaint violates rule 10, because "it is not readily apparent . . . whether Plaintiff intends to bring claims against the" individual Defendants "in their official or individual capacity." Thouvenell's Amended Motion to Dismiss at 2. Thouvenell also moves to dismiss the Complaint under rule 12(b)(6) because: (i) the Doña Ana County Sheriff Department and Doña Ana County Detention Center "are not individuals under Section 1983 and therefore, may not be sued"; and (ii) the applicable statutes of limitations bars Brown's claims under 42 U.S.C. § 1983 and the NMTCA. Thouvenell's Amended Motion to Dismiss at 6, 8-9. On October 3, 2017, Vigil and Doña Ana County Sheriff's Department adopted, pursuant to local rule 7.1 of the Local Civil Rules of the United States District Court for the District of New Mexico, the "defenses and arguments found in Defendant Thouvenell's Amended Motion To Dismiss." County's Motion to Dismiss at 1.

Brown did not file a timely response to Thouvenell's Amended Motion to Dismiss or County's Motion to Dismiss, and, therefore, on October 24, 2017 Thouvenell, Vigil, and Doña Ana County Sheriff's Department filed a notice of completion of briefing. <u>See</u> Notice of Completion of Briefing at 1, filed October 24, 2017 (Doc. 8); Notice of Completion of Briefing at 1, filed October 24, 2017 (Doc. 7); D.N.M.LR-Civ.7.4(e). Approximately one month later, Brown filed his response to Defendants' motions to dismiss. <u>See</u> Brown's Response at 1. Brown contends that he timely filed his Complaint on July 12, 2017 by placing it in Southern New Mexico Correctional Facility's mail system. <u>See</u> Brown's Response at 1. In support of this

contention, Brown attached a receipt from the mailroom for postage to the First Judicial District of New Mexico in the amount of $1.60.  See Brown's Response at 3.  The receipt is dated July 12, 2017, but stamped "RECEIVED" on July 13, 2017, and July 19, 2017.  See Brown's Response at 3.  Alternatively, Brown contends that the statutes of limitations should be tolled from November 29, 2015, the day in which he was placed in the custody of the New Mexico Corrections Department ("NMCD"), because, he asserts, the NMCD deprives inmates of meaningful access to a law library and legal assistance.  See Brown's Response at 2. Thouvenell, Vigil, and Doña Ana County Sheriff's Department respond that Brown has not identified sufficient facts to justify tolling the statutes of limitations, has failed to provide the declarations necessary to establish timely filing under the prisoner mailbox rule, and has "ignore[d] that there is no mailbox rule for state law claims."  Reply in Support of Defendants Chase Thouvenell, Sheriff Enrique "Kiki" Vigil, and the Doña Ana County Sheriff's Department's Motion to Dismiss (Docs. 5 and 6) Plaintiff's Complaint (Doc. 1-1) at 2, filed December 13, 2017 (Doc. 11)("Reply").

On January 2, 2018, Brown filed his Surreply and Motion to Amend and Stay, in which Brown reiterates his contentions that his Complaint was timely filed pursuant to the prisoner mailbox rule, and, alternatively, that the statutes of limitations should be tolled because of his inability to gain meaningful access to a law library or legal assistance.  See Brown's Surreply and Motion to Amend Stay at 1-3.  Furthermore, in lieu of dismissal under Rules 10 and 12(b)(6) of the Federal Rules of Civil Procedure, Brown asks the Court to permit him to file an amended complaint pursuant to Rule 15.  Last, Brown appears to ask the Court to excuse the late filing of his response pursuant to Rule 6 of the Federal Rules of Civil Procedure, and to grant him an "enlargement and extension of time to file all response and other pleadings" because he is

proceeding pro se, he is in the process of acquiring and obtaining counsel, and he is being deprived of meaningful access to a law library and legal assistance. Brown's Surreply and Motion to Amend Stay at 4.

On January 24, 2018, the Las Cruces Police Department, Lunsford, Montoya, Miyagishima, Thouvenell, Vigil and Dona Ana County Sheriff's Department moved to strike Brown's Surreply and Motion to Amend and Stay, because "it is an untimely surplus pleading 'which requires leave of the Court' before filing pursuant to D.N.M.LR-Civ. 7.4(b)." Defendants' Joint Motion to Strike at 2. Additionally, the Defendants ask the Court to deny Brown's request to stay or to hold the case in abeyance, because rules 6 and 12(b)(6) of the Federal Rules of Civil Procedure do not provide authority to impose an unlimited stay of the proceedings, which would be prejudicial to Defendants. See Defendants' Joint Motion to Strike at 6-7. Last, the Defendants contend the Court should deny Brown's Surreply and Motion to Amend and Stay as futile, because the applicable statutes of limitations would bar any proposed amendments. See Defendants' Joint Motion to Strike at 7-8.

## ANALYSIS

The Court first will address the Defendants' Joint Motion to Strike and Brown's Surreply and Motion to Amend and Stay. The Court will then proceed to consider the merits of the Defendants' motions to dismiss.

**I.     THE COURT WILL DENY THE DEFENDANTS' JOINT MOTION TO STRIKE, DISREGARD BROWN'S SURREPLY AND MOTION TO AMEND AND STAY TO THE EXTENT THAT IT REPEATS ARGUMENTS FROM EARLIER PLEADINGS, DENY BROWN'S REQUEST FOR A STAY, DENY BROWN'S MOTION TO AMEND, AND GRANT BROWN'S REQUEST TO EXCUSE LATE FILING OF THE RESPONSE.**

The Defendants move to strike Brown's Surreply and Motion to Amend and Stay,

because it is a surreply filed without the Court's leave, as Local Rule 7.4(b) requires. <u>See</u> D.N.M.LR-Civ. 7.4(b). Rule 12(f) of the Federal Rules of Civil Procedure provides the Court with the authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Under this rule, "a court may choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court." <u>Ysais v. New Mexico Judicial Standard Comm'n</u>, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)(internal quotation marks and citation omitted). Pursuant to the D.N.M.LR-Civ, "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b). To the extent that Brown's Surreply and Motion to Amend and Stay reiterates the arguments which he raises in Brown's Response, it constitutes a surreply that he filed without leave of court, and the Court therefore will disregard it.

Brown's Surreply and Motion to Amend and Stay does not merely discuss arguments that he previously raised in Brown's Response; it also requests affirmative relief from the Court. Specifically, Brown moves the Court for a stay of the current proceedings so he can retain counsel, an extension of time in which "to file all response and other pleadings," and permission to amend and/or supplement his complaint. Brown's Surreply and Motion to Amend and Stay at 4. Because Brown's Surreply and Motion to Amend and Stay seeks affirmative relief from the Court, the Court will deny Defendants' Joint Motion to Strike.

Turning to the merits of Brown's Surreply and Motion to Amend and Stay, Brown asks the Court for a stay of proceedings in the present case while he is "in the process of acquiring and obtaining appointment of counsel." Brown's Surreply and Motion to Amend and Stay at 4. The Court has inherent authority to stay proceedings. <u>See</u> <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55 (1936).

[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can be done calls for the exercise of judgment which must weigh competing interest and maintain an even balance.

299 U.S. at 254-55. The Court concludes that it is not in the interest of justice to stay proceedings in this case. The record reflects that Brown capably has been representing himself pro se thus far in these proceedings. Brown's Surreply and Motion to Amend and Stay contains numerous citations to the Federal Rules of Civil Procedure and applicable case law, reflecting that he has sufficient access to legal materials to represent himself pro se and to prosecute this action. Additionally, the Court concludes an unlimited stay of proceedings would prejudice the Defendants and not serve judicial economy. The Defendants would be prejudiced by an unlimited stay of proceedings and that judicial economy would not be served. The parties have fully briefed Thouvenell's Amended Motion to Dismiss and the County's Motion to Dismiss and Defendants are entitled to a timely ruling on their dispositive motions. The Court will, therefore, deny Brown's Surreply and Motion to Amend and Stay on those issues.

Brown also asks the Court for "an enlargement and extension of time to file all response and other pleadings," citing rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which provides that the Court "may, for good cause, extend the time . . . on motion after the time has expired if the party failed to act because of excusable neglect." Brown's Surreply and Motion to Amend and Stay at 4. Construed liberally, it appears that Brown is asking the Court to excuse the late filing of Brown's Response, because he is an incarcerated pro se litigant who lacks meaningful access to a law library and legal assistance. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

The determination whether to excuse a late filing under the "excusable neglect" standard "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. at 395. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. at 392 (footnotes omitted).

Brown's Response was due on October 17, 2017, but he did not file it until December 4, 2017 -- approximately one and a half months after the expiration of the October 17, 2017 deadline. See D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). Despite the length of the delay, the Court concludes that consideration of Brown's untimely response will not adversely impact the judicial proceedings in this case, because there are no pretrial deadlines in place and discovery has not yet commenced. Additionally, Brown has proffered a good faith reason for the delay, namely, the conditions of his confinement and the difficulty he has experienced in gaining meaningful access to the law library, legal materials, and legal assistance. See Brown's Surreply and Motion to Amend and Stay at 2-3. Given that the reason for the delay was out of Brown's control and that the Court's consideration of Brown's untimely response would not prejudice the Defendants,

the Court concludes that Brown has demonstrated "excusable neglect" for his late filing under rule 6(b)(1)(B). The Court, therefore, will grant Brown's request, in Brown's Surreply and Motion to Amend and Stay, to excuse the untimely filing of Brown's Response.

Last, Brown moves to amend and/or supplement his Complaint. <u>See</u> Brown's Surreply and Motion to Amend and Stay at 3. Brown filed Brown's Surreply and Motion to Amend and Stay more than twenty-one days after service of the Defendants' responsive pleadings and, therefore, Brown may amend his Complaint only "with the opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(a)(2). The Defendants oppose Brown's Surreply and Motion to Amend and Stay, and the Court cannot review the merits of the proposed amended Complaint, because Brown has failed to attach a proposed amended complaint to his motion as D.N.M.LR-Civ. 15.1 requires. <u>See</u> D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend."). In light of Brown's failure to comply with D.N.M. LR-Civ. 15.1, the Court will deny his motion to amend the Complaint.

## II. THE COURT WILL GRANT IN PART AND DENY IN PART THOUVENELL'S AMENDED MOTION TO DISMISS AND THE COUNTY'S MOTION TO DISMISS.

The Defendants move to dismiss the Complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, in relevant part, because: (i) it is unclear whether Brown is suing the individual Defendants in their individual or official capacity, in violation of rule 10(a) of the Federal Rules of Civil Procedure; (ii) Doña Ana County Sheriff's Department and Doña Ana County Detention Center are not "persons" subject to suit under § 1983; and (iii) the applicable statutes of limitations bar Brown's claims. <u>See</u> Thouvenell's Amended Motion to Dismiss at 5; County's Motion to Dismiss at 3. Brown's Response does not address the Defendants' first two claims, but contends that his action was timely filed, because it was placed in the correctional

facility's "mail system on July 12, 2017." Brown's Response at 2. Alternatively, Brown asks the Court to toll the statutes of limitations, because of "the denial of meaningful legal access to the courts" while in custody. Brown's Response at 2.

Rule 12(b)(6) provides the Court with the authority to dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). "The Court's function on a Rule 12(b)(6) motion is not to weigh the potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Smith v. United States, 561 F.3d at 1098 (quoting Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Brown is proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). This rule means that "if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110.  The liberal rule of construction, however, "does not relieve plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d at 1110.  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d at 1110.

**A.    THE COMPLAINT IDENTIFIES THE DEFENDANTS UNDER RULE 10(a).**

Defendants first move to dismiss the Complaint, because it fails to identify the individual Defendants contrary to rule 10(a) of the Federal Rules of Civil Procedure.  See Thouvenell's Amended Motion To Dismiss at 4-5; County's Motion to Dismiss at 3.  Rule 10(a) provides, in relevant part, that the "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).  "But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." Trackwell v. United States Gov't, 472 F.3d 1242, 1243-44 (10th Cir. 2007).

Brown's Complaint names only the Las Cruces Police Department, the Doña Ana County Sheriff's Department, and the Doña Ana County Detention Center as Defendants in the caption, but under the heading "PARTIES," it also lists the following individual Defendants: (i) Thouvenell; (ii) Lunsford; (iii) Vigil; (iv) Montoya; (v) Miyagishima; and (vi) Barela.  See Brown's Complaint at 2.  It is clear from the body of Brown's Complaint who the intended and

proper individual Defendants are, and, therefore, Brown's Complaint is not subject to dismissal under rule 10(a).

Nonetheless, the Defendants contend that dismissal is appropriate, because it "is not readily apparent . . . whether Plaintiff intends to bring claims against the aforementioned individuals in their official or individual capacity." Thouvenell's Amended Motion to Dismiss at 5. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' whereas "[o]fficial capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). "When, as here, 'the complaint fails to specify the capacity in which the government official is sued, [the Court must] look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.'" Trackwell v. United States Gov't, 472 F.3d at 1244 (quoting Pride v. Does, 997 F.2d 712, 715 (10th Cir. 1993)).

Brown's Complaint only seeks monetary damages and, therefore, a judgment against Thouvenell, Vigil, and Barela, acting in their official capacities, would impose liability on the County of Doña Ana and a judgment against Defendants Lunsford, Montoya, and Miyagishima, acting in their official capacities, would impose liability on the City of Las Cruces. See Hinton v. City of Elwood, Kansas, 997 F.2d 774, 783 (10th Cir. 1993)("Since a judgment against a public servant in his or her official capacity imposes liability on the entity he or she represents . . . an official capacity suit is simply another way of pleading an action against that entity." (citation omitted)). Brown has not named the County of Doña Ana or the City of Las Cruces as Defendants, nor has he pleaded any facts indicating that the County of Doña Ana or the City of Las Cruces had an official custom, policy, or practice that caused the alleged

violation of his constitutional rights.  _See Monell v. Dep't of Soc. Serv. of City of New York_, 436 U.S. 658, 692 (1978)(holding that § 1983 "plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights").  In light of the Complaint's substance and the relief sought, the Court concludes that Brown has instituted a personal-capacity suit, rather than an official-capacity suit, against the individual defendants.  Because it is apparent that Brown has sued the individual Defendants in their personal capacities for actions taken under color of state law, the Court will deny Thouvenell's Amended Motion to Dismiss and the County's Motion to Dismiss under rule 10(a).

**B.**     **BROWN'S COMPLAINT FAILS TO STATE A CLAIM UNDER § 1983 AGAINST DOÑA ANA COUNTY SHERIFF'S DEPARTMENT AND DOÑA ANA COUNTY DETENTION CENTER.**

The Defendants next move to dismiss Brown's § 1983 claims against Doña Ana County Sheriff's Department and Doña Ana County Detention Center, because these Defendants "are not individuals under Section 1983 and therefore, may not be sued."  Thouvenell's Amended Motion to Dismiss at 6; County's Motion to Dismiss at 3.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a _person_ acting under color of state law."  _West v. Atkins_, 487 U.S. 42, 48 (1988)(emphasis added). Although municipalities and local governments are "persons" subject to suit under § 1983, _Monell v. Dep't of Soc. Serv. of City of New York_, 436 U.S. at 690, "generally, governmental sub-units are not separate suable entities that may be sued under § 1983," _Hinton v. Dennis_, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished).  Doña Ana County Sheriff's Department and Doña Ana County Detention Center are governmental sub-units and, therefore, they are not persons or legally created entities capable of being sued under § 1983.  _See Martinez v. Winner_, 771 F.2d 424, 444 (10th Cir.

1985)(holding that "'[t]he City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it"). Accordingly, the Court will grant Thouvenell's Amended Motion to Dismiss and the County's Motion to Dismiss against Doña Ana County Sheriff's Department and Doña Ana County Detention Center.

### C. IT IS NOT CLEAR FROM THE FACE OF BROWN'S COMPLAINT THAT THE STATUTE OF LIMITATIONS BARS HIS § 1983 CLAIMS.

Defendants contend that the three-year statute of limitations bars Brown's § 1983 claims, because Brown's "injuries were a result of events that occurred on [July] 12, 2014" and, therefore, Brown "was required to file his complaint no later than [July] 12, 2017."[2] Thouvenell's Amended Motion to Dismiss at 8. Brown responds that his complaint was timely filed within the three-year time period, because it was put "in the Southern NM Corr. Facility mail system on July 12, 2017." Brown's Response at 2. Alternatively, Brown contends that he is entitled to equitable tolling of the statute of limitations, because he has been deprived of meaningful access to a law library and legal assistance while in the custody. See Brown's Response at 1. The Defendants reply that Brown has failed to provide the declarations necessary to establish timely filing under the prisoner mailbox rule and has failed to allege sufficient facts to justify equitable tolling. See Reply at 3-5.

---

[2]In Thouvenell's Amended Motion to Dismiss, Thouvenell contends that the events detailed in Brown's Complaint "occurred on June 12, 2014," and, therefore, the three-year limitations period expired on "June 12, 2017." Thouvenell's Amended Motion to Dismiss at 8. Brown's Complaint, however, alleges that the events leading up to his gunshot wound and dog-bite injuries occurred on "the 12th of July 2014." Brown's Complaint ¶ 5, at 3. Defendants acknowledge that the June 12 date is a typographical error and that the Court must accept Brown's well-pleaded factual allegation that the events occurred on July 12, 2014. See Reply at 4 (noting that "Defendants' Motions inadvertently refers to the date of Plaintiff's incident as June 12, 2014"). See also Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(noting that, at the motion to dismiss stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff')].

Although the statute of limitations is an affirmative defense, failure to file suit within the applicable limitations period may be raised in a motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure "when the dates given in the complaint make clear that the right sued upon has been extinguished." Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). "For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions." Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). "[T]he pertinent limitations period for section 1983 claims in New Mexico is that found in N.M. Stat. Ann. § 37-1-8 (1978), which provides that actions for an injury to the person must be brought within three years." Jackson v. City of Bloomfield, 731 F.2d 652, 653 (10th Cir. 1984). "Federal law, however, determines the date on which the claim accrues and the limitations period starts to run." Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." Johnson v. Johnson Cty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991). Thus, to determine the accrual date of Brown's § 1983 claims, the Court must "identify the constitutional violation and locate it in time." Smith v. City of Enid By And Through Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998)(internal quotation marks and citation omitted).

Thouvenell's Amended Motion to Dismiss does not address the accrual date of Brown's § 1983 claims, contending without citation to legal authority or analysis that the statute of limitations began to run on July 12, 2014. See Thouvenell's Amended Motion to Dismiss at 8. The accrual date for the statute of limitations, however, depends on the nature of the constitutional violation alleged. For example, "[b]oth fourth amendment claims and due process claims for unconstitutional imprisonment are subject to special federal rules of accrual."

Mondragon v. Thompson, 519 F.3d at 1082. "[T]he statute of limitations for a Fourth Amendment claim for false arrest or imprisonment begins to run when the false imprisonment ends," which is "either when the victim is released or when the victim's imprisonment becomes pursuant to legal process -- when, for example, he is bound over by a magistrate or arraigned on charges." Mondragon v. Thompson, 519 F.3d at 1082 (internal quotation marks and citations omitted). In contrast, a due process malicious prosecution claim "arises only once the original action, whatever form it has taken, has been terminated in favor of the plaintiff." Mondragon v. Thompson, 519 F.3d at 1082 (internal quotation marks and citations omitted). Thus, Brown's false arrest and false imprisonment claim accrued on the date that he was held pursuant to legal process -- a date which is unclear from the facts alleged in the complaint -- and his malicious prosecution claim accrued on the date that he was acquitted of certain criminal charges, i.e., October 15, 2015. See Brown's Complaint ¶ 5, at 7.

The Complaint also alleges that Brown was deprived of medical care while he was a pretrial detainee at the Doña Ana County Detention Center, in violation of his rights under the Constitution of the United States of America. Brown was a pretrial detainee at the Doña Ana County Detention Center for approximately one and a half years, from July 12, 2014, until the date of judgment in his state criminal case, October 15, 2015. From the facts alleged in the Complaint, it is unclear at what point during this one-and-a-half year time-period Brown knew, or had reason to know, that he was being deprived of adequate and necessary medical care. See Brown's Complaint ¶ 5, at 11. Thus, the Court cannot ascertain from the face of Brown's Complaint the date on which his deprivation-of-medical-care claim accrued.

It is not clear from the dates in the Complaint when Brown's § 1983 claims for false arrest, false imprisonment, and deprivation-of-medical-care accrued, and, therefore, the Court

cannot ascertain whether these claims were extinguished before the Complaint's filing. Additionally, Brown's § 1983 malicious prosecution claim did not accrue until October 15, 2015, within the three-year limitations period, and therefore, the statute of limitations does not bar the claims. Accordingly, the Court therefore will deny Thouvenell's Amended Motion to Dismiss and the County's Motion to Dismiss vis-à-vis Brown's claims for false arrest, false imprisonment, deprivation-of-medical-care, and malicious prosecution.

Turning to Brown's § 1983 excessive force claim, the Court recognizes that this claim accrued on July 12, 2014, the date on which Brown knew or had reason to know about the excessive force used during the course of his arrest. See Johnson v. Johnson Cty. Comm'n Bd., 925 F.2d at 1301 ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."). Although Brown's Complaint was signed and dated on July 11, 2017, one day before the expiration of the three-year limitations period, it was not filed on the docket in state court until August 9, 2017, twenty-eight days after the expiration of the three-year limitations period. See Brown's Complaint at 1, 13. Brown was a prisoner at the time his complaint was filed and, therefore, the prisoner mailbox rule governs the § 1983 claim's timeliness. See Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005)(holding that the mailbox rule applies to inmate 42 U.S.C. § 1983 filings).

Pursuant to the prisoner mailbox rule, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." Price v. Philpot, 420 F.3d at 1165. "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." Price v. Philpot, 420 F.3d at 1165. An inmate can establish timely filing

under the prisoner mailbox rule in one of two ways:

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

Price v. Philpot, 420 F.3d at 1165.

Brown's Complaint is dated July 11, 2017 and, in response to Thouvenell's Amended Motion to Dismiss and the County's Motion to Dismiss, Brown submitted an Inmate Purchase Order, indicating that his Complaint was given to prison authorities on July 12, 2017, and received on July 13, 2017. See Brown's Response at 3. Although Brown has not provided a notarized statement or declaration signed under penalty of perjury reflecting the date on which his Complaint was given to prison authorities and attesting that first-class postage was prepaid, Brown may remedy this defect if given an opportunity to provide such a declaration. See United States v. Ceballos-Martinez, 371 F.3d 713, 716 n.4 (10th Cir. 2004)(noting that "the text of the rule does not require the prisoner to file this attestation at any particular time," but "at the very least, the prisoner must file it before we resolve his case"). Indeed, Brown has asked the Court to provide him with an opportunity to remedy the defects in his "response and other pleadings." Brown's Surreply and Motion to Amend and Stay at 4. The Court will therefore deny Thouvenell's Amended Motion to Dismiss and the County's Motion to Dismiss and will direct Brown to submit, within thirty days of the date of entry of this Memorandum Opinion and Order, a notarized statement or declaration, signed under penalty of perjury, indicating the date on

which his Complaint was delivered to prison authorities and attesting that first-class postage was prepaid.[3]

### D. IT IS NOT CLEAR FROM THE COMPLAINT'S FACE WHETHER THE STATUTE OF LIMITATIONS BARS BROWN'S NMTCA CLAIMS.

Last, the Defendants move to dismiss Brown's NMTCA claims, contending that the two-year statute of limitations bars those claims. See Thouvenell's Amended Motion To Dismiss at 8-9. Brown responds that his claims were timely filed and that the limitations period is subject to equitable tolling, because he has been deprived of meaningful access to a law library and legal assistance while in custody. See Brown's Response at 1.

The NMTCA provides, in relevant part, that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death." N.M. Stat. Ann.

---

[3]While questions of fact exist regarding the timely filing of Brown's § 1983 claims under the prisoner mailbox rule, the Court also determines that, based on Brown's assertions, equitable tolling is not appropriate. Equitable tolling is appropriate "only in 'extraordinary circumstances.'" Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006)(quoting Marsh v. Soares, 223 F.3d 1217, 1220). A plaintiff seeking equitable tolling for time incarcerated "'bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir.2008)).

Here, Brown has not shown specific facts of extraordinary circumstances or due diligence. In Brown's Response, he states that the NMCD "denies meaningful access to the courts," and, according to Brown, meaningful access "would include access to authorities concerning the statutes of limitations." Brown Response at 1. He also states that the NMCD "has a teacher at Southern handing out legal forms only" and that the NMCD's "policy forbids any assistance." Response at 1. Although the Court recognizes the challenge inherent in conducting legal research while incarcerated, the equitable tolling standard is that Brown allege specific facts of his active steps in diligently pursuing his claims and how he faced extraordinary circumstances. Mere allegations of a lack of access to a law library are not sufficient. See Milton v. Allbaugh, 716 F. App'x 811, 815 (10th Cir. 2017)(unpublished)("Notably, Mr. Milton does not point to anything beyond lack of access to a law library that would warrant equitable tolling.").

§ 41-4-15(a). Brown's complaint raises various torts under the NMTCA -- viz. false arrest, false imprisonment, malicious prosecution, excessive force, and deprivation-of-medical-care -- and each of these torts has a different accrual date under New Mexico law. See Tiberi v. Cigna Corp., 89 F.3d 1423, 1429 (10th Cir. 1996)("Where a suit invokes several causes of action, each is subject to a distinct statute of limitations; thus, distinct accrual periods should apply to each cause of action."); Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188, 1234 (D.N.M. 2014)(Browning, J)("New Mexico uses the discovery rule, meaning the statutes of limitation accrue -- i.e., begin to run -- only when the plaintiff discovers, or should have discovered in the exercise of reasonable diligence, the facts that underlie his or her claim.") (internal quotation marks and citation omitted). For example, Brown's malicious abuse of process claim accrued "immediately upon the improper use of process," Mata v. Anderson, 685 F. Supp. 2d 1223, 1254-55 (D.N.M. 2010)(Browning, J.), whereas his deprivation-of-medical-care claim accrued when Brown "knew or with reasonable diligence should have known of the injury and its cause," Maestas v. Zager, 2007-NMSC-003, ¶ 1, 152 P.3d 141, 147.

Thouvenell's Amended Motion to Dismiss and the County's Motion to Dismiss do not address the accrual date for each of Brown's NMTCA claims, simply contending in a conclusory fashion that Brown "had until June 12, 2016 to file his suit for claims under the NMTCA." Thouvenell's Amended Motion to Dismiss at 9. It is not the Court's proper role to "construct arguments or theories for the [Defendants] in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991). The Defendants have not briefed the accrual date for each of Brown's NMTCA claims, and, therefore, it is not possible for the Court to discern soundly at this proceeding's preliminary stage whether those claims were extinguished before Brown filed suit. See Fratus v. DeLand, 49 F.3d at 676 (noting that the date

of accrual can be "a fact laden issue," making it "impossible at [the motion to dismiss] stage of the proceedings to place the claim definitively inside or outside the statute of limitations"). Accordingly, the Court will deny Thouvenell's Amended Motion to Dismiss and the County's Motion to Dismiss vis-à-vis Brown's NMTCA claims.

III.  **THE COURT WILL DISMISS BROWN'S § 1983 CLAIMS AGAINST LAS CRUCES POLICE DEPARTMENT, AND DIRECT THE DEFENDANTS TO FILE THE OFFICIAL STATE COURT RECORD AND A STATUS UPDATE ON SERVICE OF PROCESS ON BARELA.**

The Court has an independent obligation under 28 U.S.C. § 1915A to screen the Complaint, because it was filed by "a prisoner who seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A complaint is subject to dismissal under § 1915A, in relevant part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). As previously explained, relief is not available under § 1983 against governmental sub-units, because they "are not separate suable entities." Hinton v. Dennis, 362 F. App'x at 907. Las Cruces Police Department is a governmental sub-unit and, therefore, it is not a person or legally created entity capable of being sued under § 1983. See Martinez v. Winner, 771 F.2d at 444 (holding that "'[t]he City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it"). Accordingly, the Court will dismiss, under § 1915A, Brown's § 1983 claims against Las Cruces Police Department for failure to state a claim on which relief may be granted.

Last, the Court notes that Defendant Barela has not entered an appearance even though the state court issued a summons. See Summons at 14, filed September 14, 2017 (Doc. 1-1). It is unclear from the record whether the summons was returned executed, because the Defendants have not filed a complete copy of the state court record, as D.N.M.LR.-Civ. 81.1(a) requires.

See D.N.M.LR-Civ. 81.1(a) ("A party removing an action under 28 U.S.C. § 1446 must file with the Clerk legible copies of records and proceedings from state court action within twenty-eight (28) days after filing notice of removal.").  The Court therefore will order the Defendants, within thirty days of the date of this order's entry, to file a complete copy of the state court record in accordance with D.N.M.LR-Civ. 81.1(a) and a status update informing the Court of the status of service of process on Barela.

**IT IS ORDERED** that: (i) Defendant Chase Thouvenell's Motion To Dismiss Plaintiff's Complaint (Doc. 1-1), filed September 21, 2017 (Doc. 3), is denied as moot; (ii)  the Clerk of the Court is directed to amend the caption to reflect the proper spelling of Defendant Duvanell's last name as Thouvenell; (iii) the Defendants' Joint Motion to Strike Plaintiff's Response and Motion to Oppose the Defendant's Motion to Dismiss Et Seq (Doc. 13), filed January 24, 2018 (Doc. 15), is denied; (iv) Plaintiff Davalous Jamon Brown's Plaintiff's Response and Motion to Oppose Defendant's Motion to Dismiss and for Enlargement and Extension of Time to File All Response and Other Pleadings and for Permission to Give Leave to Amend and Supplement Pleadings and Motion to Stay the Proceedings and Hold in Abeyance for Plaintiff to Acquire Appointment of Counsel, filed January 2, 2018 (Doc. 13), is granted in part and denied in part; (v) the Amended Defendant Chase Thouvenell's Motion To Dismiss Plaintiff's Complaint (Doc. 1-1), filed October 3, 2017 (Doc. 5), is granted in part and denied in part; (vi) the Defendant Sheriff Enrique "Kiki" Vigil and the Dona Ana County Sheriff's Department's Motion To Dismiss Plaintiff's Complaint (Doc. 1-1), filed October 3, 2017 (Doc. 6), is granted in part and denied in part; (vii) Brown's § 1983 claims against Defendants Doña Ana County Sheriff's Department, Doña Ana County Detention Center, and Las Cruces Police Department are dismissed; (viii) Brown is directed to submit, within thirty days of this order's entry date, a

notarized statement or declaration, signed under penalty of perjury, indicating the date on which his Complaint (Tort) ¶ 5, at 3, filed August 9, 2017 in First Judicial District Court, County of Santa Fe, State of New Mexico, filed in federal court September 14, 2017 (Doc. 1-1), was delivered to prison authorities and attesting that first-class postage was prepaid; and (ix) the Defendants are directed to submit, within thirty days of this order's entry date, a copy of the official state court record and a status update informing the Court of the status of service of process on Defendant Chris Barela.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Davalous Jamon Brown
Southern New Mexico Correctional Facility
Las Cruces, New Mexico

     *Plaintiff pro se*

Roberto A. Cabello
City Attorney's Office
Las Cruces, New Mexico

     *Attorney for Defendants Las Cruces Police Department, Brad Lunsford, Jaime Montoya,*
        *Kenneth Daniel Gallegos Miyagishima*

Damian L. Martinez
Holt Mynatt Martinez P.C.
Las Cruces, New Mexico

     *Attorneys for Defendants Doña Ana County Sheriff's Department, Chase Thouvenell*