**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DAVALOUS JAMON BROWN,**

    **Plaintiff,**

**vs.**                                                                                       **No. 2:17-cv-00944-JB-JHR**

**LAS CRUCES POLICE DEPARTMENT, et al.,**

    **Defendants.**

## DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR SUMMARY JUDGMENT BASED UPON QUALIFIED IMMUNITY AND MEMORANDUM IN SUPPORT THEREOF

**COME NOW** Defendants, Officer Brad Lunsford, former Police Chief Jaime Montoya (now deceased), and Mayor Ken Miyagishima in their individual/personal capacities[1], by and through their counsel of record (Mark D. Standridge, Deputy City Attorney for the City of Las Cruces), and hereby move to stay all further proceedings in this matter pending final resolution of Defendants' motion for summary judgment and for qualified immunity on plaintiff's federal claims. . As plaintiff is a prison inmate proceeding in this matter *pro se*, Defendants did not seek his position on this Motion. *See* D.N.M. L.R.-Civ. 7.1(a). For their Motion to Stay, Defendants state as follows:

Defendants have filed, contemporaneously herewith, their *First Motion for Summary Judgment Based Upon* Heck v. Humphrey *and Qualified Immunity & Memorandum in Support*

---

[1] In its prior *Memorandum Opinion and Order*, Doc. No. 18 (filed May 7, 2018), p.6, this Court concluded that plaintiff "has initiated a personal capacity suit rather than an official capacity suit against the individual Defendants." This Court also determined that plaintiff had not named the City of Las Cruces itself, dismissed plaintiff's claims against the Las Cruces Police Department, and determined that plaintiff had not pleaded a claim under *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978). Doc. No. 18, at pp.15-16, 24.

1

*Thereof*, Doc. No. 33, in which they raised the defense of qualified immunity. As Defendants have raised and invoked the protection of qualified immunity in this matter in their summary judgment motion, any further proceedings in this case should be stayed pending final resolution of that motion.

Qualified immunity is important "to society as a whole." *See Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). The protections afforded by qualified immunity give government employees and officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *See Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Garrett v. Stratman*, 254 F.3d 946, 951 (10th Cir. 2001); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)). When a Defendant raises the affirmative defense of qualified immunity, "a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, 129 S.Ct. 808, 818-20 (2009). The qualified immunity privilege is "'an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'" *Saucier*, 533 U.S. at 200-201 (quoting *Mitchell v. Forsyth*, 472 U.S. at 526). In 2009, the Supreme Court reaffirmed its long-held view that proceedings should be stayed when qualified immunity is asserted:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . . There are serious and

> legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government…

*Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

"A government employee enjoys a special status in § 1983 litigation, and qualified immunity, by its very nature, entitles a § 1983 defendant to a stay from the *burdens of trial and discovery* until the trial court resolves the immunity motion" (emphasis supplied). *Rock v. Levinski*, No. CV-13-652 KBM/LFG, Doc. No. 25, Order Granting Stay of Discovery, pp.3-4 (D.N.M., Oct. 22, 2013) (unpublished). Once the defense of qualified immunity is before the Court by way of motion, the Court has little discretion and further proceedings must be stayed. *Mitchell v. Forsyth*, *supra*, 472 U.S. at 526; *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *see also Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *Aguilar v. Harding Cnty.*, No. CV-14-808 JP/LAM, Doc. No. 84, Mem. Op. and Order, p.11 (D.N.M. Nov. 30, 2015) (unpublished) ("once a defendant raises the defense of qualified immunity, a court has limited discretion but to stay discovery"). Consequently, all further pre-trial proceedings in this case (including, *inter alia*, the filing of motions *in limine*, jury instructions, witness/exhibit lists and *voir dire* questions) should be stayed pending this Court's resolution of Defendants' qualified immunity motion. *See*, *e.g.*, *Martin v. City of Albuquerque*, No. CV-14-1011 JB/GBW, Doc. No. 53, Mem. Op. and Order (D.N.M. Nov. 9, 2015) (unpublished).

Moreover, because Defendants have raised the defense of qualified immunity as to plaintiff's claims under 42 U.S.C. § 1983 in their motion for summary judgment, Defendants are

3

entitled to a stay of proceedings on plaintiff's other pending state law claims. Both sets of claims arise out of the same operative facts. Defendants' summary judgment motion will potentially be dispositive of most of plaintiff's claims for relief; if the Court grants the motions, the Court's judgment would, *inter alia*, establish Defendants' qualified immunity from suit under 42 U.S.C. § 1983. *See Zamora v. City of Belen*, 229 F.R.D. 225, 227 (D.N.M. 2005). Defendants are entitled by law to a stay of all proceedings–including those related to plaintiff's state law claims–until the Court resolves the immunity issue. *See id.* at 228; *see also Ayala v. Ashbury*, No. CV-13-004 WJ/LAM, Doc. No. 23, Order Granting Motion to Stay Discovery, p.3 (D.N.M. Mar. 21, 2013) (unpublished); *Lee v. McKinley Cnty. Adult Detention Ctr.*, No. CV-12-1124 MCA/ACT, Doc. No. 24, Order Staying Discovery (D.N.M. Feb. 13, 2013) (unpublished) (staying all discovery even where plaintiff asserted that her "state law claims...may proceed no matter how the qualified immunity issue is resolved and discovery should therefore be allowed").

**WHEREFORE**, Defendants respectfully request that this honorable Court stay all further proceedings in this matter pending the resolution of Defendants' First Motion for Summary Judgment as set forth above, and for whatever further relief this Court sees fit.

Respectfully submitted,

 /s/ Mark D. Standridge
Mark D. Standridge
City of Las Cruces
Attorneys for Defendants
PO Box 20000
Las Cruces, NM 88004
(575) 541-2128
Fax: (575) 541-2017
mstandridge@las-cruces.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2019, I served a true and correct copy of the foregoing via U.S. Mail in a properly addressed and stamped envelope to:

Davalous Jamon Brown, #80798
Plaintiff *pro se*
NENMDF
185 Dr. Michael Jenkins Rd.
Clayton, NM 88415

 /s/ Mark D. Standridge
Mark D. Standridge
City of Las Cruces